### Richmond

SARAH VIRGINIA AUGUSTINE

v.

COMMONWEALTH OF VIRGINIA

September 9, 1983.

Record No. 822244.

Present: All the Justices.

*William R. Savage, III (Glasscock, Gardy and Savage*, on brief), for appellant.
*Roscoe C. Roberts, Assistant Attorney General (Gerald L. Baliles, Attorney General*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In a bench trial, Sarah Virginia Augustine was convicted of arson, burglary, and grand larceny. The sole issue on appeal is whether the evidence is sufficient to support the arson conviction.*

On June 9, 1981, at 8:45 p.m., Robert and Vera Keyser left their home in the City of Suffolk. They returned at 10:45 p.m. to discover a fire in a bedroom. The fire was confined to the portion of the room where the bed was located, and the bed and the area beneath it were almost completely destroyed.

After extinguishing the fire, the Keysers discovered the front door of their home had been "kicked in" and a burglar had stolen jewelry, sterling silver flatware, and a silver-plated tea service. Robert Keyser also discovered a junction box "had been pried open" and that his telephone line had been severed. The Keysers' telephone was operational at the time they left home.

Lennie Carr, assistant fire chief of the City of Suffolk, investigated the cause of the fire. Carr, a fireman for 27 years and an experienced arson investigator, testified for the Commonwealth as an expert witness. He stated that no accelerants had been used. Carr noted there had been no electrical shortage, no electrical appliances in the room were in use, and no heating appliances were involved. He did not find any matches, cigarettes, or other material "which would cause a fire," although he conceded such evidence could have been consumed in the fire. Neither of the Keysers smoked, and they were the only occupants of the house. No lightning was reported in the area the night of the fire. The forcible entry and larceny provided further grounds for Carr's conclusion that the fire was of incendiary origin. Nevertheless, he was unable to determine how it started.

The defendant, a resident of Delaware, Ohio, was divorced from Charles Augustine, Vera's son. Charles had custody of the Augustines' three children, and he and the children lived in the Keyser's former home in Windsor. The Windsor house was approximately eight miles from the Keysers' Suffolk home. Robert Keyser testified that the defendant was "very antagonistic toward [the Keysers]."

The defendant was in Windsor on June 9 and 10 with a male friend, ostensibly to visit her children. She claimed she left Windsor at 5:00 p.m. on June 9 and spent the night at a motel in Colonial Heights, some 60 miles away. However, a police officer in

---

* We denied appeals of the burglary and grand larceny convictions.

Delaware, Ohio, found a motel key to the Suffolk Holiday Inn in the defendant's automobile, and she was in Windsor again on June 10.

Charles Augustine saw the defendant on the morning following the fire. She came to the Windsor home alone, wishing to take their children on a trip. Charles, who was unaware of the fire at that time, testified that the defendant appeared to be "[v]ery nervous." Sarah Augustine testified the burglary and larceny had been committed by her male companion, "Eddie Pinkston," and that she had no knowledge of the crimes prior to her receipt of the stolen property from Pinkston.

The Commonwealth relies wholly upon circumstantial evidence. Therefore, to establish guilt beyond a reasonable doubt, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence . . . and exclude all reasonable conclusions inconsistent with that of guilt." *LaPrade* v. *Commonwealth*, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950). The chain of requisite circumstances must be unbroken, and "the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty." *Id.*

When a building is burned, the law presumes the fire was caused by accident rather than by a deliberate act. *Poulos* v. *Commonwealth*, 174 Va. 495, 500, 6 S.E.2d 666, 668 (1940). To establish arson, the Commonwealth must prove the fire was of incendiary origin and that the accused was a guilty agent in the burning. *Simmons* v. *Commonwealth*, 208 Va. 778, 782, 160 S.E.2d 569, 573 (1968); *Poulos*, 174 Va. at 499, 6 S.E.2d at 667. Moreover, when the Commonwealth relies upon circumstantial evidence, "it is essential not only that the evidence reveal that the fire was of incendiary origin, but it must also point unerringly to the guilty party." *Poulos*, 174 Va. at 499, 6 S.E.2d at 667.

Assuming, without deciding, the fire was of an incendiary origin, we find the evidence in the present case fails to "point unerringly" to the defendant as a criminal agent. The principal evidence connecting Sarah with the arson was her possession of goods stolen from the Keyser home on the night of the fire. While possession raises an inference that she is the thief, *Montgomery* v. *Commonwealth*, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980), and the burglar, *Guynn* v. *Commonwealth*, 220 Va. 478, 480, 259

S.E.2d 822, 823-24 (1979), no such inference arises with respect to arson. There is an insufficient nexus between the possession of stolen goods and arson to create a prima facie presumption of guilt.

Although there is no evidence to suggest the defendant actually set the fire, the trial court reasonably could infer her presence at the crime scene from her burglary conviction. Mere presence, however, is insufficient to establish that she is a principal in the second degree. *Hall* v. *Commonwealth*, 225 Va. 533, 536, 303 S.E.2d 903, 905 (1983); *Jones* v. *Commonwealth*, 208 Va. 370, 373, 157 S.E.2d 907, 909 (1967). To prove she was an aider and abettor, the evidence must show that she was not only present but that she procured, encouraged, countenanced, or approved commission of the crime. In other words, she must share the criminal intent of the party who actually committed the arson or be guilty of some overt act in furtherance thereof. *Hall*, 225 Va. at 537, 303 S.E.2d at 905; *Jones*, 208 Va. at 373, 157 S.E.2d at 909.

The evidence fails to establish the defendant shared the criminal intent of the alleged arsonist or that she was guilty of some overt act committed in furtherance of the crime. Viewed most favorably to the Commonwealth, the evidence only shows the defendant may have been present and that she harbored ill will toward the owners. The evidence fails to "exclude all reasonable conclusions inconsistent with that of guilt," *LaPrade*, 191 Va. at 418, 61 S.E.2d at 316, and is insufficient to support her conviction. *See Jones' Case*, 103 Va. 1012, 49 S.E. 663 (1905).

Accordingly, we will reverse the judgment of the trial court and dismiss the indictment.

*Reversed and dismissed.*