JAMIL VIRGINIA, a/k/a JAMIL A. DAMISI SALAAM,

a/k/a MUHAMMAD JAMIL ASMAR, a/k/a

THELBERT LEWIS

v.

COMMONWEALTH OF VIRGINIA

No. 1112-92-4

Decided February 8, 1994

COUNSEL

Stephen J. Crum (Crum and King, on brief), for appellant.

Richard B. Smith, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—Jamil Virginia (appellant) was convicted by a jury of grand larceny in violation of Code § 18.2-95, destruction of property in violation of Code § 18.2-137, and arson in violation of Code § 18.2-81. On appeal, appellant challenges only his conviction for arson, arguing that there is insufficient evidence to support the conviction because the Commonwealth improperly relied upon a presumption that his possession of stolen property proved he was the arsonist. Because we find that sufficient evidence supports the conviction and that the Commonwealth did not argue an improper presumption in its case or closing argument, we affirm the conviction.

## BACKGROUND

On October 26, 1991, Arlington County police officers executed a search warrant for bomb-making materials at appellant's home. During this search, appellant became upset and told Arlington County Police Detective Donald Lawrence that he believed that his rights were being violated and that he would retaliate against the police. Two weeks later, on November 12, 1991, John Gingerich, an Arlington resident, was awakened at approximately 4:00 a.m. by his dog barking at the sound of a car idling in front of his house. Gingerich got up and turned on a light. The car then drove away. A few minutes later, the car returned, and Gingerich looked out the window and saw a large American made, light-colored, two-door car with one person inside. When the person opened the car door, the interior light came on, and Gingerich observed that the driver, who was wearing a long, light-colored coat, was carrying several objects. However, Gingerich was unable to otherwise identify the person.

Shortly after Gingerich returned to bed, he heard *popping* noises from outside, and could see the glare of flames from across the street. He ran outside and saw an Arlington County marked police car engulfed in flames. At trial, Gingerich testified that a picture of appellant's car was consistent with the vehicle he observed in front of his

residence moments before the fire. In addition, Gingerich testified that appellant's coat was consistent with the coat he observed being worn by the operator of the suspect vehicle.

Two hours after the fire, Arlington County Police Corporal Bonnie Cort stopped appellant for speeding within the Arlington County limits. Appellant was wearing a long, light-tan coat and driving a large American made, light-colored, two-door car similar to that seen by Gingerich. He was not taken into custody during this traffic stop. At trial, Corporal Cort testified that when she stopped appellant he said that he did not have his driver's license with him and identified himself as Jamil Virginia, one of several names that appellant used. He also gave a false social security number and date of birth.

At the time of the arson, the burned police car was assigned to Officer Brian Goff. Officer Goff testified that he resides outside Arlington County and the police department requires that police vehicles remain in the county. Accordingly, he selected the North Arlington neighborhood near Gingerich's house to park his assigned police vehicle for the evening. When he left the vehicle, all the doors were locked and all the windows rolled up. After being informed of the arson and inspecting the heavily damaged vehicle, Officer Goff determined that several items had been stolen from the passenger compartment of the vehicle.

At approximately 4:00 a.m. on November 14, 1991, Officer Donald Grinder saw a person vandalize a staked out Arlington County police car by shattering the windshield and back window of the cruiser. At trial, Officer Grinder testified:

> I saw the subject lean over the railing and swing something with his right hand and I heard a *popping* noise like the windshield of the car smashing. The subject leaned back over the railing and stood back up erect; looked around and went to the rear of the police car. Once again he bent over the railing; swung the object; and I heard the *popping* noise again.

Officer Grinder radioed the occurrence and a description of the suspect and the vehicle he was driving. Officer Katherine Castlewood subsequently located and followed the car, a large American made, light-colored, two-door car, until it stopped at an apartment complex. Officer Castlewood followed appellant, the driver, into the building. At the time appellant was stopped by the police, he was carrying a light-colored camel hair coat and a black handkerchief attached to a

bottle of cologne with a string. During a search of appellant's car, a hammer with bits of glass was recovered from the front floorboard. A search of appellant's storage bin in the apartment complex revealed a plastic bag containing items taken from Officer Goff's burned police car, as well as a used can of turpentine. Latent fingerprints left on the can of turpentine were identified as appellant's.

At trial, Lt. Henry Dayton of the Arlington County Fire Department, an expert on the origin and causes of fires, testified that an examination of the burned-out police cruiser showed that the fire had been started by an accelerant, one which burned so quickly that it left no trace. Without objection, he classified the fire as arson and opined that the arsonist gained entry to the passenger compartment of the police car by smashing out the front driver's side window. In addition, he testified without objection that he had reason to believe that appellant was aware of the existence of accelerants that burn so hot that they completely destroy themselves and leave no trace elements.[1]

## SUFFICIENCY OF THE EVIDENCE TO PROVE ARSON

On appeal, "we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom. The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it." *Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

Appellant was convicted of violating Code § 18.2-81, which provides, in part:

If any person maliciously . . . set fire to or burn or destroy by any explosive device or substance, or cause to be burned, or destroyed by any explosive device or substance . . . any personal property, . . . he shall, if the thing burnt or destroyed, be of the value of $200 or more, be guilty of a Class 4 felony; and if the

---

[1] The original search conducted at appellant's home on October 26, 1991, produced the seizure of several books on underground weapons and explosives, and materials used in the construction of incendiary devices, specifically: *Improvised Munitions Black Book* Volumes 1, 2 and 3; *The Anarchist Cookbook*; *I.D. for Sale*; *Secret Agent* Volume 1; *Improvised Weapons of the American Underground*; one pipe cap, galvanized; one bar of "Sylvania" flash bulbs; smoke detector parts with wires cut; low-voltage wire; one 24" section of green/white wire; one nine-volt battery; one plastic bag with four G.P. powercell batteries; two 50-watt cxn 12-volt flashbulbs; one 120-volt coil board with three foot electrical cord; one small white telephone plug; one post mark stamp (Alexandria, Virginia).

thing burnt or destroyed be of less value, he shall be guilty of a Class 1 misdemeanor.

Accordingly, to convict appellant for the malicious burning of the Arlington County police car on November 12, 1991, "the Commonwealth must prove the fire was of incendiary origin and that the [appellant] was a guilty agent in the burning." *Augustine v. Commonwealth*, 226 Va. 120, 123, 306 S.E.2d 886, 888 (1983).

We agree with appellant that "[t]he Commonwealth's evidence clearly demonstrated a police car was vandalized and burned on November 12, 1991." The Fire Marshall's testimony that the fire was arson is unrefuted and amply supported by the record. Appellant argues, however, that the Commonwealth's evidence failed to prove appellant's criminal agency in the commission of the arson.

■ The Commonwealth's evidence of appellant's criminal agency is based solely on circumstantial evidence. It is well settled, however, that "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Coleman v. Commonwealth*, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983), *cert. denied*, 465 U.S. 1109 (1984); *see also Johnson v. Commonwealth*, 2 Va. App. 598, 604-05, 347 S.E.2d 163, 167 (1986). Where, as here, the evidence relied upon is circumstantial, the Supreme Court has consistently held:

"[I]f the proof relied upon by the Commonwealth is wholly circumstantial . . . then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt."

*Higginbotham v. Commonwealth*, 216 Va. 349, 352-53, 218 S.E.2d 534, 537 (1975) (quoting *LaPrade v. Commonwealth*, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950)).

The Commonwealth's evidence established appellant's motive for the commission of the offense by Detective Lawrence's testimony that appellant was extremely angry at the Arlington County Police and that appellant threatened to retaliate against the police. From this evidence, the jury could properly infer the malice element of arson. In addition, the evidence proved that the police car's doors were locked

and windows were rolled up when Officer Goff parked the car at the end of his shift. There was no evidence that the car was tampered with prior to the window being smashed and the car set ablaze. Indeed, the evidence points to the arsonist gaining entry to the vehicle by smashing out the front driver's window. Mr. Gingerich testified to hearing a "popping" noise immediately preceding the fire. Two days later, under similar circumstances, Officer Grinder observed appellant approach a parked police car, and he then heard "popping" sounds as appellant shattered the police car's windshield and rear window with a hammer.

The jury could conclude from the testimony of Mr. Gingerich and Officers Cort and Castlewood that appellant was the person in the "long, light-colored . . . coat" driving the large two-door American-made car, seen near Officer Goff's police car at approximately 4:00 a.m., thirty seconds before the police car was engulfed in flames. In addition, the evidence proved either that appellant was arrested while in possession of, or trying to dispose of, incriminating evidence, to wit: the coat and bottle of cologne with a bandanna and a string wrapped around it.

The unrebutted evidence from the Fire Marshall established that appellant had a specific knowledge of incendiary devices and of the unusual type of self-consuming accelerant used in this fire. Further, the jury could infer appellant's guilty knowledge from the false information he gave to Officer Cort when she stopped him shortly after the fire. Finally, because Mr. Gingerich testified that he saw only one person near the police car, the jury could conclude that appellant was the person at the scene of the arson from his possession of items taken from the police car at the time of the fire. Viewing this evidence in the light most favorable to the Commonwealth, as we must, we conclude that the Commonwealth's evidence is sufficient to support appellant's arson conviction.

## THE COMMONWEALTH'S CLOSING ARGUMENT

Appellant contends that the Commonwealth improperly argued to the jury that "since [appellant] possessed Officer Goff's stolen property two days later [after the fire] not only could the jury presume he was the thief, but also that he was the arsonist." We agree with appellant's premise that such an argument, if made, would be improper. In *Augustine*, the Supreme Court held that:

While possession raises an inference that [the possessor] is the thief, and the burglar, no such inference arises with respect to

arson. There is an insufficient nexus between the possession of stolen goods and arson to create a prima facie presumption of guilt.

226 Va. at 123-24, 306 S.E.2d at 888 (citations omitted). We conclude, however, that appellant's argument is without merit because the trial transcript shows that the Commonwealth never argued to the jury that they could presume from appellant's possession of stolen property that appellant was the arsonist. Moreover, appellant made no objection at trial that the Commonwealth's argument was improper or that an improper presumption was used to support the conviction.

For the reasons set forth above, we affirm the judgment of the trial court.

*Affirmed.*

Benton, J., and Duff, S.J.,* concurred.

---

*Judge Charles H. Duff was appointed Senior Judge effective July 1, 1993, pursuant to Code § 17-116.01:1.