COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia

DAMEINE J. GRIFFIN, S/K/A
 DAMEINE JEFFREY GRIFFIN

v.          Record No. 2347-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                       JANUARY 11, 1996

          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Robert B. Cromwell, Jr., Judge

               Lynndolyn T. Mitchell, Assistant Public Defender,
               for appellant.

               Marla Graff Decker, Assistant Attorney General
               (James S. Gilmore, III, Attorney General, on
               brief), for appellee.


     Dameine J. Griffin (defendant) was convicted in a bench trial

for possession of cocaine with intent to distribute in violation of

Code § 18.2-248.  On appeal, defendant challenges the sufficiency

of the evidence to support the conviction.  We affirm the judgment

of the trial court.

     The parties are fully conversant with the record in this case,

and we recite only those facts necessary to a disposition of this

appeal.

     Under familiar principles of appellate review, the evidence is

viewed in the light most favorable to the Commonwealth, granting to

it all reasonable inferences fairly deducible therefrom.  Martin v.

Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The

judgment of a trial court, sitting without a jury, is entitled to

the same weight as a jury verdict and will be disturbed only if

[*]Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

plainly wrong or without evidence to support it.  Id.  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

The record discloses that Officers Floyd and Shields, of the Virginia Beach Police Department, responded to a complaint regarding "suspicious activity" of several individuals seated in an automobile parked at a local motel.  The officers approached the vehicle from the rear and observed three men in the back seat, with defendant to the far left, adjacent to the car door.  Officer Shields directed the men to "keep their hands in plain view and . . . come out of the vehicle."  Immediately after defendant exited the car, Shields "looked in and noticed . . . a white baggy . . . in the corner right where [the defendant] was sitting," "on top of the [seat] cushion."  Subsequent analysis revealed that the baggie contained cocaine.

Police Sergeant Liverman and Detective Hodges joined the investigation at the scene, and defendant "agreed to talk" after Hodges "read him . . . Miranda warnings."  Initially, defendant identified himself as Darnell Smith, stated that he was eighteen years old, and denied any knowledge of the cocaine.  Upon learning that Hodges intended to charge him with possession of cocaine, defendant claimed that he was seventeen years of age.  Hodges then advised that the "interview was over" and began "walking away."  Defendant responded, "Please stay.  I'm eighteen, but I'm just real

scared," and promised to "tell the truth."

Defendant then admitted that he "sold heroin . . . and crack" for his cousin, who had been "killed" a few days earlier.  However, he again denied knowledge of the cocaine found in the car and suggested that it probably belonged to another passenger, Carter.[1]  Defendant recalled Carter "talking about the cocaine," which he estimated at "about twelve grams," and admitted that "he [defendant] was there to make sure . . . everything was safe," to provide "protection, . . . [and] to help a friend."  Defendant added later that the driver had given Carter the cocaine to hold and that "they were at the hotel to sell the cocaine."

Such evidence provides ample proof that defendant was acting as a principal in the second degree, aiding and abetting Carter in the offense.  See Code § 18.2-18.

> [T]o prove defendant was an aider and abetter, "the evidence must show that [the defendant] was not only present but that [the defendant] procured, encouraged, countenanced, or approved commission of the crime.  In other words, [the defendant] must share the criminal intent of the party who actually committed the [crime] or be guilty of some overt act in furtherance thereof."

Rollston v. Commonwealth, 11 Va. App. 535, 540, 399 S.E.2d 823, 826 (1991) (quoting Augustine v. Commonwealth, 226 Va. 120, 124, 306 S.E.2d 886, 888-89 (1983)).  "'[S]hare the criminal intent' has been interpreted to mean that 'the accused must either know or have reason to know of the principal's criminal intention and must

---

[1]Carter was seated next to defendant in the vehicle.

intend to encourage, incite, or aid the principal's commission of the crime.'" Id. (quoting McGhee v. Commonwealth, 221 Va. 422, 427, 270 S.E.2d 729, 732 (1980)).

Here, defendant was present when Carter knowingly possessed the cocaine with the intent to distribute it. Defendant was clearly aware of the nature and character of the drug and Carter's related intentions and admitted participation in the criminal enterprise. Defendant's statements were corroborated by his interaction with police investigators, which independently evinced a "'consciousness of guilt, and thus of guilt itself,'" supporting the inference that "he was untruthful in order to conceal his guilt." Welch v. Commonwealth, 15 Va. App. 518, 525, 425 S.E.2d 101, 106 (1992) (citation omitted).

Accordingly, we affirm the conviction.

Affirmed.