COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Annunziata
Argued at Salem, Virginia


DOUGLAS S. SIMMONS

MEMORANDUM OPINION[*] BY
v.          Record No. 1624-97-3          JUDGE SAM W. COLEMAN III
JULY 14, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Rudolph Bumgardner, III, Judge

Kevin M. Schork (Epperly, Follis &
Schork, P.C., on brief), for appellant.

Michael T. Judge, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Douglas S. Simmons (appellant) was convicted in a bench trial for malicious wounding.  The sole issue on appeal is whether the evidence is sufficient to prove that appellant was a principal in the second degree to the malicious wounding.

Finding the evidence sufficient, we affirm the conviction.

> A principal in the second degree is a person who is present, aiding and abetting, by helping some way in the commission of the crime.  Presence or consent alone is not sufficient to constitute aiding and abetting.  It must be shown that the defendant intended his words, gestures, signals or actions to in some way encourage, advise, or urge, or in some way help the person committing the crime to commit it.

Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986).

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

> [T]o prove that the defendant was an aider and abettor, "the evidence must show that [the defendant] was not only present but that [the defendant] procured, encouraged, countenanced, or approved commission of the crime. In other words, [the defendant] must share the criminal intent of the party who actually committed the [crime] or be guilty of some overt act in furtherance thereof."

Rollston v. Commonwealth, 11 Va. App. 535, 540, 399 S.E.2d 823, 826 (1991) (quoting Augustine v. Commonwealth, 226 Va. 120, 124, 306 S.E.2d 886, 888-89 (1983)) (other citations omitted). A principal in the second degree may be tried and convicted in all respects as if a principal in the first degree. Code § 18.2-18.

Upon familiar principles of appellate review, we will not reverse the judgment of the trial court, sitting as the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). When the sufficiency of the evidence is challenged on appeal, we must determine whether the evidence, viewed in the light most favorable to the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense. See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997); Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991).

Viewed accordingly, the evidence is sufficient to prove that appellant aided and abetted a malicious wounding. The record indicates that Troy Blair (victim), Steve Williams, and others

drove to a service station in Staunton. While the victim purchased a soda in the service station store, Williams began to argue with another group of men that included appellant and Ryan Wilson. The victim testified that "they all jumped" Williams and began punching him. Williams managed to escape the group's attack and ran toward the store. As the victim exited the store, Wilson struck him in the head with a glass bottle, knocking him unconscious. A bystander testified that appellant and another man kicked the victim several times while he lay unconscious on the ground. Immediately thereafter, appellant and his companions fled the scene. Police later discovered them hiding in a nearby snow bank. The victim remained unconscious for two days.

Based on this evidence, the jury could have reasonably concluded that appellant, by acting in concert with Wilson and others to attack Williams and the victim, assisted, countenanced, and approved Wilson's malicious wounding of the victim. See Pugliese v. Commonwealth, 16 Va. App. 82, 93, 428 S.E.2d 16, 24 (1993) ("Every person who is present at the commission of a [crime], encouraging or inciting the same by words, gestures, looks, or signs, or who in any way, or by any means, countenances or approves the same is, in law, assumed to be an aider and abettor, and is liable as principal." (citation omitted)). The evidence proves that appellant, acting in concert with Wilson and others, assaulted Steve Williams, and after Williams escaped, they turned and assaulted Troy Blair. The fact that one of the

confederates may have escalated the fray beyond what the appellant may have expected does not relieve him of his complicity in the criminal enterprise.

> All those who assemble themselves together with [an intent to commit a wrongful act], the execution whereof make probable, in the nature of things, a crime not specifically designed, but incidental to that which was the object of the confederacy, are responsible for such incidental crime. . . . Hence, it is not necessary that the crime should be a part of the original design; it is enough if it be one of the incidental probable consequences of the execution of that design, and should appear at the moment to one of the participants to be expedient for the common purpose.

Rollston, 11 Va. App. at 542, 399 S.E.2d at 827 (citation omitted). Accordingly, the evidence is sufficient to prove that appellant acted as a principal in the second degree to the malicious wounding, and we affirm the conviction.

Affirmed.