COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bray and Annunziata
Argued at Alexandria, Virginia


MARIA AVILA

                                    MEMORANDUM OPINION* BY
v.   Record No. 1980-99-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         JUNE 27, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Joanne F. Alper, Judge

        Gary H. Smith for appellant.

        Stephen R. McCullough, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


    Maria Avila (appellant) was convicted in a jury trial of

arson, in violation of Code § 18.2-77.  The sole issue on appeal

is whether the evidence was sufficient to sustain her conviction.

Finding the evidence sufficient, we affirm.

    Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to that evidence all

reasonable inferences fairly deducible therefrom.  See Juares v.

Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

"The burden is upon the Commonwealth, however, to prove beyond a

reasonable doubt that [the defendant] was the perpetrator of the

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

crimes."  Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991).  "Additionally, circumstantial evidence is as competent, and entitled to the same weight, as direct testimony if such evidence is sufficiently convincing."  Id.  It is true that, in a case based upon circumstantial evidence, the Commonwealth must exclude every reasonable hypothesis of innocence.  See Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988).  "However, '[w]hether the Commonwealth relies upon either direct or circumstantial evidence, it is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt.'"  Id. (quoting Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986)).

In the present case, the evidence, viewed in the appropriate light, established that appellant was separated from her husband, Isreal Avila (Avila), and had lived in the condominium purchased by Avila before the marriage.  In July 1998, a court granted Avila possession of the condominium and appellant moved from there in August 1998.

At approximately 7:30 p.m. on September 8, 1998, Percy and Angelite Covington saw appellant leave an assigned parking space at the condominium.  Approximately forty-five minutes later, the Covingtons saw smoke and noticed that the door to Avila's condominium was black.  Chief Fire Marshall Sean Kelley (Kelley)

-

arrived at the scene at approximately 8:30 p.m. Following an investigation, Kelley determined that nine separate fires had been deliberately set and that the smoke detector had been tampered with so that it did not work. A fire was set in Avila's bed, couch, dining table, computer and other household items. A fire was not set in a bedroom that contained the toys belonging to the child of appellant and Avila. Testimony given by Avila's supervisors and employment records established that Avila was at work at the time of the fires.

In the course of his investigation, Kelley was unable to locate appellant for questioning and, thus, he conducted a surveillance of her son. A few days after the fire, Kelley saw a third party pick up appellant's son from school and take him to a park to meet appellant. Kelley then followed appellant to her apartment. When Kelley went to appellant's apartment, her first words were, "How did you find me?" Appellant denied that she set the fires and stated that she was attending church, approximately three miles from the condominium, at the time of the incident.

At trial, the Covingtons testified that they arrived at the condominium on September 8, 1998 at approximately 7:30 p.m. and called for assistance at approximately 8:30 p.m. However, on cross-examination the two witnesses admitted to making a verbal statement on the night of the fire that they observed appellant leave the complex at approximately 8:30 p.m. Based on that

-

first statement given by the Covingtons and subsequent written statements, Fire Marshall Kelley originally estimated that the fires were set around 8:20 p.m.  However, he testified that, consistent with the Covingtons' trial testimony, the fires could have been started earlier.  In appellant's defense, several members from her church testified that on the night of the fire she was present at church before 7:30 p.m. and throughout the evening.  At the conclusion of the evidence, the jury convicted appellant of arson.

## II.

On appeal, appellant contends that the Covingtons gave inconsistent statements concerning the time they saw her on the day of the fires and that the testimony of Fire Marshall Kelley was inconsistent.  Given these inconsistencies, appellant argues that the evidence was insufficient to establish that she was the perpetrator of the crime.

"In a prosecution for arson, the Commonwealth must prove that 'the fire was of incendiary origin and that the accused was a guilty agent in the burning.'"  Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999) (quoting Augustine v. Commonwealth, 226 Va. 120, 123, 306 S.E.2d 886, 888 (1983)).  Like other crimes, arson may be proved by circumstantial evidence "[w]here all the circumstances of time, place, motive, means, opportunity and conduct concur in pointing out the accused as the perpetrator of the crime."  Schlimme v.

-

Commonwealth, 16 Va. App. 15, 18, 427 S.E.2d 431, 433-34 (1993) (citations omitted).  Thus, "we consider the evidence as a whole in deciding whether it is sufficient to support the jury's findings that [the defendant] was the perpetrator of the crimes."  Chichester v. Commonwealth, 248 Va. 311, 329, 448 S.E.2d 638, 650 (1994).

In the instant case, the evidence was sufficient to establish that appellant was the perpetrator of the crime.  Appellant and Avila were involved in divorce proceedings, and Avila was forced to petition the court for relief when appellant refused to leave the condominium.  Both parties changed the locks to the residence without notice to the other, and the evidence demonstrated an animosity between the two individuals.  Fire Marshall Kelley testified that the manner in which the fire was set (i.e., the burning of the marital bed and husband's clothes) was a "classic" revenge-type fire, and he had no doubt the fire was of incendiary origin.

In addition to motive, the circumstantial evidence established time, means and opportunity, from which the jury could infer that appellant was the perpetrator of the crime.  There was no sign of a forced entry and, although she returned one set of keys to Avila, appellant was the last one to change the locks.  Additionally, the testimony of the Covingtons placed appellant at the crime scene on the evening of the fires and appellant's church was within a five-minute drive.  Put simply,

-

the jury heard the testimony regarding the time of the fire, observed the demeanor of all the witnesses, and was free to accept or reject the evidence presented.  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of arson. Accordingly, appellant's conviction is affirmed.

Affirmed.

-