COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Humphreys
Argued by teleconference

JAMIE MAURICE STOKES

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2738-01-2          JUDGE ROBERT J. HUMPHREYS
                                         JULY 2, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

        Christopher J. Collins for appellant.

        H. Elizabeth Shaffer, Assistant Attorney
        General (Jerry W. Kilgore, Attorney General,
        on brief), for appellee.


    Jamie Maurice Stokes appeals his convictions, after a bench

trial, for robbery and using a firearm in the commission of a

robbery.  Stokes contends the trial court erred in finding the

evidence sufficient as a matter of law to sustain the robbery

conviction.  Instead, Stokes argues the evidence was sufficient

to establish nothing more than that he was an

accessory-after-the-fact.  We disagree.

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this memorandum
opinion has no precedential value, we recite only those facts
necessary to our holding.

"'The distinctive elements of robbery are (1) the use of violence, or the threat thereof, against the victim, and (2) the theft of property from his person or in his presence.'"[1]

> In order for a person to be a principal in the second degree to a felony, [such as robbery,] the individual must "know or have reason to know of the principal's criminal intention and must intend to encourage, incite, or aid the principal's commission of the crime." McGhee v. Commonwealth, 221 Va. 422, 427, 270 S.E.2d 729, 732 (1980) []. The person must be "present, aiding and abetting the act done, or keeping watch or guard at some convenient distance."[2] Brown v. Commonwealth, 130 Va. 733, 736, 107 S.E. 809, 810 (1921). "[M]ere presence and consent will not suffice." Underwood v. Commonwealth, 218 Va. 1045, 1048, 243 S.E.2d 231, 233 (1978).[3]

Further, any element of an offense may be proved by circumstantial evidence.[4] "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is

---

[1] Quesinberry v. Commonwealth, 241 Va. 364, 373, 402 S.E.2d 218, 224 (1991) (quoting Briley v. Commonwealth, 221 Va. 532, 543, 273 S.E.2d 48, 55 (1980), cert. denied, 451 U.S. 1031 (1981)).

[2] This is opposed to an accessory, which is defined as "one not present at the commission of the offense, but who is in some way concerned therein, either before or after, as contriver, instigator or advisor, or as a receiver or protector of the perpetrator . . . ." Foster v. Commonwealth, 179 Va. 96, 99, 18 S.E.2d 314, 315 (1942); Hitt v. Commonwealth, 131 Va. 752, 759, 109 S.E. 597, 600 (1921) (emphasis added).

[3] Jones v. Commonwealth, 15 Va. App. 384, 387, 424 S.E.2d 563, 565 (1992) (emphases added).

[4] See Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

sufficiently convincing to exclude every reasonable hypothesis except that of guilt."[5]  In fact, intent may, and usually must, be proven by circumstantial evidence.[6]  "[T]he fact finder may infer that a person intends the immediate, direct, and necessary consequences of his voluntary acts.  [Additionally], when the fact finder draws such inferences reasonably, not arbitrarily, they will be upheld."[7]

Here, Stokes' own statement to police proved that:  1) he had spent most of the day with Antoine Smith; 2) he knew Joseph Phillips, the robber; 3) he drove Smith and Phillips to the scene; 4) he was present when the robbery occurred; 5) he drove himself, Smith and Phillips away after the robbery;[8] 6) he voluntarily shared in the robbery proceeds; and 7) he drove both Smith and Phillips to their intended destinations after the incident.  Thus, the direct evidence, as well as the corroborating circumstantial

---

[5] Id.

[6] See Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988); see also Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989).

[7] Moody v. Commonwealth, 28 Va. App. 702, 706-07, 508 S.E.2d 354, 356 (1998) (citations omitted).

[8] We note that the fact finder rejected Stokes' contention that he drove away under duress, because Phillips had a gun and he "told us to pull off."  See Sheppard v. Commonwealth, 250 Va. 379, 387, 464 S.E.2d 131, 136 (1995) ("[W]hen conducting appellate review on . . . question[s] of fact, considering the evidence in the light most favorable to the Commonwealth, we must grant the Commonwealth all reasonable inferences from the facts proven, and the trial court's judgment must be affirmed unless it is plainly wrong or without evidence to support it.")

-

evidence, permits the reasonable inference that Stokes shared Phillips' and Smith's criminal intent, proving beyond a reasonable doubt that Stokes was a principal in the second degree to the robbery.

Moreover, as the legal standard defining a principal in the second degree makes clear, it was not necessary for the Commonwealth to prove Stokes shared in the criminal intent to commit the robbery. The standard is defined in the disjunctive. Thus, if the evidence established that Stokes aided in, or in some way countenanced, the principal's commission of the crime, he could be convicted as a principal in the second degree.[9] Here, Smith himself conceded that he aided in the commission of the robbery, by driving the men from the scene and sharing in the robbery proceeds.

For the foregoing reasons, the judgment of the trial court is

Affirmed.

---

[9] See Augustine v. Commonwealth, 226 Va. 120, 124, 306 S.E.2d 886, 888-89 (1983) ("Mere presence, however, is insufficient to establish that [an accused] is a principal in the second degree. To prove [an accused] was an aider and abettor, the evidence must show that [he] was not only present but that [he] procured, encouraged, countenanced, or approved commission of the crime. In other words, [he] must share the criminal intent of the party who actually committed the [crime] or be guilty of some overt act in furtherance thereof.") (emphasis added); see also Rollston v. Commonwealth, 11 Va. App. 535, 540, 399 S.E.2d 823, 826 (1991) ("Specific intent is not required to convict the defendant as a principal in the second degree.").

-