COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Agee and Kelsey
Argued at Salem, Virginia


WILLIAM WADE HENDERSON, III

MEMORANDUM OPINION[*] BY
v.    Record No. 3363-01-3          JUDGE G. STEVEN AGEE
                                      JANUARY 14, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
Martin F. Clark, Jr., Judge

S. Jane Chittom, Appellate Defender (Public
Defender Commission, on briefs), for
appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


William Wade Henderson, III (Henderson) was convicted in a
bench trial of attempted robbery and malicious wounding. On
appeal, Henderson contends the trial court erred in finding the
evidence sufficient to establish his guilt on both charges. He
also avers that the attempted robbery charge must be dismissed
because it is the result of an inconsistent verdict. For the
following reasons we affirm the decision of the trial court.

I. ANALYSIS

When considering the sufficiency of the evidence on appeal
in a criminal case, this Court views the evidence in the light

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, this Court does not substitute its own judgment for that of the trier of fact. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). Witness credibility, the weight accorded the testimony and the inferences to be drawn from proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

## A. Sufficiency of the Evidence

The trial court found that Henderson's companion, Gillis, actually beat and attempted to rob the victim. Henderson acknowledges the trial court found him guilty on the charges of malicious wounding and attempted robbery as a principal in the second degree but asserts that the evidence was insufficient to support that finding. We disagree.

> "A principal in the second degree is one not the perpetrator, but present, aiding and abetting the act done, or keeping watch or guard at some convenient distance." Brown v. Commonwealth, 130 Va. 733, 736, 107 S.E. 809, 810 (1921). . . . It must be shown that the defendant procured, encouraged,

> countenanced, or approved commission of the crime.  *Augustine v. Commonwealth*, 226 Va. 120, 124, 306 S.E.2d 886, 888-89 (1983). "To constitute one an aider and abettor, he must be guilty of some overt act, or he must share the criminal intent of the principal." *Triplett v. Commonwealth*, 141 Va. 577, 586, 127 S.E. 486, 489 (1925); see also *Moehring v. Commonwealth*, 223 Va. 564, 567, 290 S.E.2d 891, 892 (1982).

*Rollston v. Commonwealth*, 11 Va. App. 535, 539, 399 S.E.2d 823, 825 (1991).  In order to support its finding the trial court, sitting without a jury, was thus required to determine that Henderson committed some overt act to further the offenses.

The trial court could reasonably determine, based on the evidence, that Henderson took overt steps in support of the crime.  Henderson provided his mother's car for transportation of he and Gillis to the scene of the crime.  While Gillis left the car to enter the nearby trailer to beat and attempt to rob the victim, Henderson remained at the wheel of the car with an unobstructed view of the trailer at a short distance with the porch light on.  Concluding Henderson was thus keeping watch is not unreasonable.

When the crime was detected, Henderson fled in his mother's car with Gillis when chased by the neighbors.  Henderson also attempted to provide an alibi.  He reported, or had his mother report, on the day after the crime that the car was stolen while he knew, in fact, the car was not stolen.

- 3 -

These acts sufficiently demonstrate that Henderson took multiple and separate overt steps in support of the crimes. From this evidence, the trial court could conclude beyond a reasonable doubt that Henderson was "present, aiding and abetting the act done . . . keeping watch at a convenient distance" and shared the criminal intent of the principal, Gillis.

The trial court could also properly disregard any of Henderson's testimony to the contrary. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citing Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc)).

The evidence showed that Henderson lied to police on multiple occasions. He initially told police investigators he was home all day but subsequently admitted to being at the scene. At first he denied ever having gotten out of the car but later recanted this statement as well. Finally, he asked his girlfriend to lie about his whereabouts on the date of the crime, as well as the time she picked him up on the night of the assault.

The evidence in the record is clearly sufficient to support Henderson's conviction on both charges.

B.  Inconsistent Verdicts

Henderson also argues that the trial court rendered inconsistent verdicts by convicting him of attempted robbery but dismissing the charge of use of a firearm in that attempted robbery.  Henderson asserts that Akers v. Commonwealth, 31 Va. App. 521, 525 S.E.2d 13 (2000), supports his contention.

We did hold in Akers that inconsistent verdicts in a bench trial are prohibited.  However, it is this Court's more recent holding in Cleveland v. Commonwealth, 38 Va. App. 199, 562 S.E.2d 696 (2002), that governs the case at bar.

In deciding Akers, this Court relied on Shell v. State, 512 A.2d 358 (Md. 1986), a decision by Maryland's highest court. However, we noted in Akers that the Maryland court had previously held in Johnson v. State, 209 A.2d 765 (Md. 1965), that an inconsistent bench verdict would be sustained "where a trial judge on the record explains an apparent inconsistency in the verdicts, and where the explanation shows that the trial court's action was 'proper' and that there was no unfairness." Akers, 31 Va. App. at 532 n.5, 525 S.E.2d at 18 n.5.  Although we didn't reach this particular issue in Akers, we squarely adopted the Maryland rationale in Cleveland.

In Cleveland we assumed that the trial court's verdicts in a bench trial were inconsistent.  Nevertheless, we affirmed the verdicts because the trial court offered a valid explanation on the record for rendering its decision and apparently considered

the ruling to be an act of lenity.  The trial court's explanation in <u>Cleveland</u> demonstrated the ruling was not the result of confusion or a method of resolving doubts – the primary evils <u>Akers</u> sought to avoid.

We find the trial court's explanation in this case for conviction in the case of attempted robbery, but acquittal of use of a firearm during attempted robbery, to be adequately explained under <u>Cleveland</u>.  The trial judge originally expressed misgivings on the record as to whether Henderson could be convicted of the firearms charge if he did not, in fact, ever possess or use the gun.  The case was continued for sentencing, at which time the trial judge stated on the record that his earlier legal conclusion on the firearms charge was "wrong" and that "the Court of Appeals . . . would uphold the conviction" on that charge.  Nonetheless, the trial court determined that dropping the firearms charge was the fair thing to do because it had "strongly intimated" it would do so in the earlier proceeding.

The record is thus crystal clear the trial judge was not confused as to the facts and explicitly did not reject the evidence regarding Henderson's knowledge, planning, participation and involvement in the crime of attempted robbery. The trial court acknowledged that evidence was sufficient to convict Henderson on the firearms charge.  The record reflects the trial judge's explanation that dismissing the firearms

charge was not a product of confusion or a method of resolving doubt, but an act of lenity.  There was no unfairness to Henderson, in fact, he got "a break."

## II.  CONCLUSION

For the reasons set forth above, we hold the evidence was sufficient to sustain Henderson's convictions.  We also find that the trial court adequately explained its reasons for dismissing the firearms charge and there are not inconsistent verdicts.  The judgment of the trial court is therefore affirmed.

<u>Affirmed</u>.