PRESENT: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, Agee,* and Goodwyn, JJ.

RASHAD TYRIE MCMORRIS

v.          Record No. 072247                    OPINION BY
                                        JUSTICE S. BERNARD GOODWYN

COMMONWEALTH OF VIRGINIA                          September 12, 2008

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred in affirming the conviction of Rashad Tyrie McMorris ("McMorris") of robbery as a principal in the second degree.

McMorris was charged, in the Circuit Court for the City of Hampton, with one count of robbery in violation of Code § 18.2-58. McMorris pled not guilty to the charge. After a bench trial, McMorris was found guilty and sentenced to serve a term of 20 years in prison, with 11 years suspended. McMorris appealed his conviction to the Court of Appeals; the Court of Appeals denied his petition for appeal. This Court granted his appeal.

                              FACTS

On September 22, 2006, Darrin Ottey ("Ottey") rode the bus to a friend's apartment in Hampton. He exited the bus

_____

* Justice Agee participated in the hearing and decision of this case prior to his retirement from the Court on June 30, 2008.

and immediately noticed a group of approximately fifteen young men gathered in between buildings across the street. As Ottey walked past the group of young men, including McMorris, one of them said, "[T]hat's the guy from Zooms."

The comment referred to an altercation the night before when Ottey was working with a female employee at Zooms, a convenience store. Three young men, including McMorris, banged on the locked door of Zooms, causing a disturbance. The female employee attempted to call the police, but Ottey told her "don't worry about it." The three men left, and Ottey did not see them again until the next day.

As Ottey was walking towards his friend's apartment, some of the young men followed Ottey, asking him why he called the police. Ottey attempted to ignore them and knocked on his friend's front door. His friend did not answer the door, so Ottey attempted to leave the apartment complex. Thereafter, one of the young men hit Ottey; four others joined in the attack, McMorris being the last to do so.

As this group was attacking Ottey, his wallet, containing identification cards and two dollars, and his cellular telephone, worth $300, fell to the ground. Because he was being attacked, Ottey was unable to retrieve his telephone. He saw one of the young men involved in the

attack, other than McMorris, "grab[] the phone, look[] at it and [run] towards the crowd where the other boys were at." Ottey did not see what happened to his wallet, but it was not on the ground when the fight ended.

Ottey testified that no one demanded that he "hand over" his telephone or wallet, and that no one attempted to "go through" his pockets during the fight. McMorris did not take Ottey's property nor did McMorris leave the scene with the person who took Ottey's property.

The trial court found McMorris guilty of robbery as a principal in the second degree. See Code § 18.2-18. The trial court stated, "While [McMorris and others] were attacking Mr. Ottey, another one of the assailants was taking his property. This was all contemporaneous. Therefore[,] the robbery statute applies." In refusing McMorris' petition for appeal, the Court of Appeals concluded that the evidence established that McMorris shared the criminal intent of those who did steal Ottey's telephone and other items. McMorris v. Commonwealth, Record No. 0630-07-1, slip op. at 2-3 (Aug. 17, 2007).

## ANALYSIS

On appeal, the facts are viewed in the light most favorable to the prevailing party at trial. Porter v. Commonwealth, 276 Va. 203, 215-16, 661 S.E.2d 415, 419

(2008); Juniper v. Commonwealth, 271 Va. 362, 376, 626 S.E.2d 383, 393 (2006). However, this Court will reverse a judgment of the trial court that is plainly wrong or without evidence to support it. Jay v. Commonwealth, 275 Va. 510, 524, 659 S.E.2d 311, 319 (2008); Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005).

The Commonwealth has the burden of proving beyond a reasonable doubt that the defendant is guilty of the charged crime. See Baldwin v. Commonwealth, 274 Va. 276, 280, 645 S.E.2d 433, 435 (2007); Rogers v. Commonwealth, 242 Va. 307, 317, 410 S.E.2d 621, 627 (1991). " 'Suspicion of guilt, however strong, or even the probability of guilt, is insufficient to support a conviction.' " Rogers, 242 Va. at 317, 410 S.E.2d at 627 (quoting Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990)).

McMorris was found guilty of robbery as a principal in the second degree. Robbery is " 'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.' " Pritchard v. Commonwealth, 225 Va. 559, 561, 303 S.E.2d 911, 912 (1983) (quoting Mason v. Commonwealth, 200 Va. 253, 254, 105 S.E.2d 149, 150 (1958)). To find a defendant guilty as a principal in the second degree, the Commonwealth must establish that the defendant

4

procured, encouraged, countenanced, or approved the criminal act. Augustine v. Commonwealth, 226 Va. 120, 124, 306 S.E.2d 886, 888-89 (1983); Spradlin v. Commonwealth, 195 Va. 523, 526-27, 79 S.E.2d 443, 445 (1954); Brown v. Commonwealth, 130 Va. 733, 736-37, 107 S.E. 809, 810-11 (1921).

Mere presence is not sufficient to convict a defendant as a principal in the second degree. Augustine, 226 Va. at 124, 306 S.E.2d at 888; Brown, 130 Va. at 736, 107 S.E. at 810; Spradlin, 195 Va. at 527, 79 S.E.2d at 445. The Commonwealth must prove that the defendant consented to the felonious purpose and the defendant contributed to its execution. Hall v. Commonwealth, 225 Va. 533, 537, 303 S.E.2d 903, 905 (1983); Jones v. Commonwealth, 208 Va. 370, 373, 157 S.E.2d 907, 909 (1967). It is essential that the Commonwealth establish that the defendant shared in the criminal intent of the principal who committed the crime. Jones, 208 Va. at 373, 157 S.E.2d at 909.

It is a well-settled rule that a defendant is guilty as a principal in the second degree if he is guilty of some overt act done knowingly in furtherance of the commission of the crime, or if he shared in the criminal intent of the principal committing the crime. See Augustine, 226 Va. at 124, 306 S.E.2d at 889; Hall, 225 Va. at 537, 303 S.E.2d at

5

905; Zirkle v. Commonwealth, 189 Va. 862, 876, 55 S.E.2d 24, 32 (1949); Code § 18.2-18. This rule cannot be interpreted to mean that any overt act that is advantageous to the principal's criminal plan is sufficient; the defendant must also share in the principal's criminal intent. The overt act must be "knowingly in furtherance of the commission of the crime." Therefore, lack of intent is usually a defense to a conviction as a principal in the second degree. See Jones, 208 Va. at 373-74, 157 S.E.2d at 909; Spradlin, 195 Va. at 528, 79 S.E.2d at 446. The one exception exists when there was concert of action and the resulting crime, whether such crime was originally contemplated or not, is a natural and probable consequence of the intended wrongful act. Spradlin, 195 Va. at 528, 79 S.E.2d at 445.

In this case, the trial court found McMorris guilty as a principal in the second degree based on the fact that he was attacking Ottey while someone else contemporaneously stole his telephone and wallet. The Commonwealth presented no evidence of a common plan to steal Ottey's property. Neither McMorris nor any of the other assailants demanded Ottey's money or attempted to "go through" his pockets. McMorris did not leave the scene of the crime with the principal actor, nor is there evidence he benefited from the theft. In fact, no direct evidence was introduced showing

6

that McMorris was aware that Ottey's property had fallen on the ground or that a co-assailant took it.  McMorris could not have procured, encouraged, countenanced, approved or knowingly committed an overt act in furtherance of the robbery without the knowledge that the crime was occurring.

The Commonwealth insists that such knowledge can be inferred through the circumstantial evidence presented.  In particular, the Commonwealth argues that the trial court could have properly concluded that McMorris observed the robber steal the telephone based on McMorris' proximity to the victim and the robber.

The Commonwealth can, and most often must, present circumstantial evidence to prove that a defendant aided or abetted in the commission of a crime.  See Augustine, 226 Va. at 123, 306 S.E.2d at 888; Spradlin, 195 Va. at 527, 79 S.E.2d at 445.  However, when the Commonwealth relies on circumstantial evidence, all circumstances proved must be consistent with guilt and inconsistent with innocence and exclude all reasonable conclusions inconsistent with guilt. Rogers, 242 Va. at 317, 410 S.E.2d at 627; Augustine, 226 Va. at 123, 306 S.E.2d at 888.

Here, there was no evidence showing the relative vantage point of McMorris to the property when it fell and was taken.  McMorris' proximity may have created a suspicion

7

that McMorris observed the property fall to the ground. However, to sustain a criminal conviction, the Commonwealth is required to prove more than a suspicion of guilt or probability of guilt. Rogers, 242 Va. at 317, 320, 410 S.E.2d at 627, 629.

Furthermore, because the evidence offered against McMorris is wholly circumstantial, such evidence must exclude all reasonable conclusions inconsistent with that of guilt. See id. The circumstantial evidence presented is insufficient to prove that McMorris had actual knowledge of his co-assailants' theft of Ottey's property. Even though McMorris was one of the five men involved in the attack and he was near the proximate area where Ottey's telephone fell to the ground, the circumstances of McMorris' conduct do not exclude the reasonable conclusion that McMorris did not observe Ottey's property fall to the ground and that he did not have knowledge of the principal's intent to commit the robbery. Therefore, the Commonwealth failed to prove beyond a reasonable doubt that McMorris shared the criminal intent of the principal to commit the robbery.

The Commonwealth also contends that McMorris' concert of action with Ottey's other assailants is sufficient to support a finding that McMorris is guilty of robbery as a principal in the second degree. Lack of intent cannot be

used as a defense when there was concert of action and the resulting crime was a natural and probable consequence of the intended wrongful act.  Spradlin, 195 Va. at 528, 79 S.E.2d at 445.  McMorris was among the five young men who surrounded and attacked Ottey.  The apparent reason for the attack was an incident the previous night.  McMorris had the shared intent to wrongfully assault Ottey.  The issue raised is whether robbery is a natural and probable consequence of an assault.

When someone harbors ill feelings toward another and the situation escalates into a fight, there is no reasonable probability that the aggressor will steal the victim's property.  See Brown, 130 Va. at 737-38, 107 S.E. at 811.  We discussed similar facts in a hypothetical situation described in Kemp v. Commonwealth, 80 Va. 443, 450-51 (1885) (quoting 1 Joel P. Bishop, Commentaries on the Criminal Law § 634, at 384 (7th ed. 1882)):

> "Even when persons are unlawfully together, and by concurrent understanding are in the actual perpetration of some crime, if one of them, of his sole volition, and not in pursuance of the main purpose, does a criminal thing in no way connected with what was mutually contemplated, he only is liable."  "Thus, . . . if in England, poachers join in an attack on the game-keeper, and leave him senseless, – then, if one of them returns and steals his money, this one alone can be convicted of the robbery."

Robbery is not an incidental, probable consequence of an assault; robbery requires a completely different type of wrongdoing:  stealing.  Therefore, McMorris' conviction for robbery as a principal in the second degree cannot be affirmed based on the robbery being a natural and probable consequence of the concerted assault.

The evidence presented by the Commonwealth was insufficient to prove that McMorris knowingly committed an overt act in furtherance of the robbery, shared in the criminal intent of the principal committing the robbery, or that the robbery was a natural and probable consequence of the wrongful assaults.  Thus, the trial court erred in finding McMorris guilty of robbery as a principal in the second degree.

Accordingly, we will reverse the judgment of the Court of Appeals affirming McMorris' conviction of robbery as a principal in the second degree, vacate McMorris' conviction of robbery, and dismiss the indictment against him.

<u>Reversed, vacated, and dismissed.</u>