PRESENT:  All the Justices

LAKEITHA D. BRICKHOUSE

v.        Record No. 080130                    OPINION BY
                                      JUSTICE S. BERNARD GOODWYN
COMMONWEALTH OF VIRGINIA                    October 31, 2008


             FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we consider whether the Court of Appeals

erred in affirming the conviction of Lakeitha D. Brickhouse

("Brickhouse") for possession with the intent to distribute

cocaine as a principal in the second degree.

     Brickhouse was charged, in the Circuit Court of the City

of Portsmouth, with possession of cocaine with the intent to

distribute.  Code § 18.2-248.  After a bench trial, Brickhouse

was found guilty and sentenced to serve a term of five years

in prison, with three years and six months suspended.  The

Court of Appeals affirmed the conviction in an unpublished

opinion.  Brickhouse v. Commonwealth, Record No. 3128-06-1

(Dec. 18, 2007).  Brickhouse appeals.

                              FACTS

     At approximately 2:30 p.m. on May 10, 2006, Portsmouth

police officers executed a search warrant for a residence at

103 Lexington Drive in Portsmouth.  The targets of the

warrant, Garnet Brown and Tywon Wilkins ("Wilkins") were not

present; however, police found Brickhouse just outside of the

residence. Officer G.B. Smith ("Smith") explained to Brickhouse why the police were there and took her inside the residence. Officer Smith testified that Brickhouse told him that she knew why the police were there, whom they were there for, and that "she wasn't the one doing it." Officer Smith also testified that Brickhouse told him that she had, at some point in time, seen Wilkins with bags of cocaine at the residence.

While searching the residence, the officers discovered thirteen bags of crack cocaine weighing approximately 45 grams behind an air-conditioning vent in an upstairs bedroom closet. The officers found personal papers belonging to both Brickhouse and Wilkins and drug-packaging materials in that bedroom.

Police also discovered a digital scale with cocaine residue in the living room, a razor blade on top of a microwave oven in the kitchen, and suspected heroin in another bedroom. Additionally, drug-packaging material was found throughout the residence. At trial, an expert witness testified that the amount of cocaine, considered along with the other items found at the residence, was inconsistent with the personal use of the cocaine.

The only person in the residence at the time of the search was a man, identified as a "user," who was found in the

upstairs bathroom, approximately fifteen feet from the closet where the cocaine was found. Brickhouse testified that the man in the bathroom was the eldest brother of Wilkins and Brown and that he had entered the residence to use the bathroom. Brickhouse further testified that he had been in the bathroom for about an hour when the police arrived.

Brickhouse testified that she resided in the home along with her aunt and uncle. Brickhouse stated that Wilkins, her boyfriend, had a key to the residence and had been in the residence at times without her. Brickhouse further testified that she did not have any knowledge of drugs stored in or sold from the residence. There was no evidence presented concerning who owned, rented, or had legal possession of the residence.

The officers did not find anything illegal on Brickhouse's person. Also, upon testing, her fingerprints were not identified on the drugs or the drug paraphernalia.

The circuit court found the evidence sufficient to find Brickhouse guilty of possession of cocaine with intent to distribute as a principal in the second degree. Focusing on the evidence found in plain view, such as the digital scale, the razor blade, and the drug packaging material, the court found that "[Brickhouse] knew these folks were using her house essentially as a drug house, either to stash or to sell." The

3

Court of Appeals affirmed the conviction stating that "she actually provided her home as a venue for the operation of a drug distribution scheme."  Brickhouse, slip op. at 3.

### ANALYSIS

Brickhouse alleges that the evidence presented at trial was insufficient to find her guilty of possession with intent to distribute cocaine.  When a defendant challenges the sufficiency of the evidence, we view the evidence and all reasonable inferences in the light most favorable to the Commonwealth.  Jay v. Commonwealth, 275 Va. 510, 524, 659 S.E.2d 311, 319 (2008); Walton v. Commonwealth, 255 Va. 422, 425-26, 497 S.E.2d 869, 871 (1998).  However, we will not sustain a trial court's judgment that is plainly wrong or without evidence to support it.  McMorris v. Commonwealth, 276 Va. 500, 504, 666 S.E.2d 348, 350 (2008); Jay, 275 Va. at 524, 659 S.E.2d at 319.

The Commonwealth has the burden of proving beyond a reasonable doubt that the accused is guilty of the charged crime.  McMorris, 276 Va. at 504, 666 S.E.2d at 350.  " 'Suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a conviction.' "  Rogers v. Commonwealth, 242 Va. 307, 317, 410 S.E.2d 621, 627 (1991) (quoting Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990)).

4

Brickhouse was found guilty of possession with the intent to distribute cocaine as a principal in the second degree.  To prove that a defendant is guilty as a principal in the second degree, the Commonwealth must establish that the defendant procured, encouraged, countenanced or approved the criminal act.  Augustine v. Commonwealth, 226 Va. 120, 124, 306 S.E.2d 886, 888-89 (1983); Spradlin v. Commonwealth, 195 Va. 523, 526-27, 79 S.E.2d 443, 445 (1954).  Evidence of a defendant's mere presence at a crime scene is insufficient to sustain a conviction as a principal in the second degree.  Hall v. Commonwealth, 225 Va. 533, 536, 303 S.E.2d 903, 904 (1983); Augustine, 226 Va. at 124, 306 S.E.2d at 888; Underwood v. Commonwealth, 218 Va. 1045, 1048, 243 S.E.2d 231, 233 (1978).  "The Commonwealth must prove that the defendant consented to the felonious purpose and the defendant contributed to its execution."  McMorris, 276 Va. at 505, 666 S.E.2d at 350.  There must be evidence that Brickhouse committed an overt act knowingly in furtherance of the commission of the crime, possession with the intent to distribute cocaine, or that she shared in the criminal intent of the principal committing the crime.  See id. at 505, 666 S.E.2d at 351.

The Commonwealth does not contend that Brickhouse shared in the criminal intent of the principal in the first degree, the unknown person who placed the cocaine in the vent.

5

Rather, Brickhouse's conviction is based upon the finding that she committed an overt act in furtherance of the crime by permitting the residence to be used as a haven for the distribution of cocaine or the storage of cocaine intended for distribution.

The status of the accused as a principal in the second degree may be established by any combination of circumstantial evidence or direct evidence. Foster v. Commonwealth, 179 Va. 96, 100, 18 S.E.2d 314, 316 (1942). Here, there is no direct evidence that Brickhouse gave permission for the drugs to be stored in the air conditioning vent in the bedroom. The circuit court's holding, therefore, is based upon evidence that is wholly circumstantial. Consequently, " 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.' " Rogers, 242 Va. at 317, 410 S.E.2d at 627 (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)).

Viewed in the light most favorable to the Commonwealth, the evidence shows that the home in which Brickhouse resided contained drug paraphernalia in plain view, such as a digital scale with cocaine residue in the living room, a razor blade on the microwave oven in the kitchen, and drug-packaging materials throughout the residence. The evidence demonstrates

6

that Brickhouse knew why the police came to the residence, who they were looking for and why. Such evidence indicates that Brickhouse was aware of the drug activity; however, the Commonwealth must prove more than Brickhouse's knowledge of the crime. See Hall, 225 Va. at 536, 303 S.E.2d at 904; Augustine, 226 Va. at 124, 306 S.E.2d at 888; Underwood, 218 Va. at 1048, 243 S.E.2d at 233.

Brickhouse stated that she lived at the residence with her aunt and uncle. The Commonwealth admits that no evidence was presented concerning who had legal possession of the residence in which the drugs were found. Given that the principal in the first degree is unknown, and it was not proven that Brickhouse had exclusive control and authority over the residence where the drugs were found, the circumstantial evidence presented by the Commonwealth failed to exclude all reasonable inferences inconsistent with Brickhouse's guilt as a principal in the second degree. Even if Brickhouse knew the drugs were being stored at the residence, there is insufficient evidence to conclude that she is the person who permitted it, as opposed to another resident. Thus, there is insufficient evidence to support the conviction of Brickhouse of possession with the intent to distribute cocaine as a principal in the second degree.

Accordingly, we will reverse the judgment of the Court of Appeals affirming Brickhouse's conviction of possession of cocaine with intent to distribute, vacate Brickhouse's conviction, and dismiss the indictment against her.

Reversed, vacated, and dismissed.