COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Coleman
Argued at Chesapeake, Virginia


TARQUIA SIMONE STAGG
                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1836-09-1                    JUDGE SAM W. COLEMAN III
                                                        OCTOBER 26, 2010
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Dean W. Sword, Jr., Judge

        Stephen B. Plott (Kozak & Associates, on brief), for appellant.

        Karen Misbach, Assistant Attorney General II (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        On appeal from his jury trial convictions for murder, malicious wounding, and two counts of

use of a firearm during the commission of a felony, Tarquia S. Stagg contends the evidence was

insufficient to support his convictions.  We disagree and affirm his convictions.

                                    BACKGROUND

                "Under well-settled principles of appellate review, we
        consider the evidence presented at trial in the light most favorable
        to the Commonwealth, the prevailing party below."  Bolden v.
        Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).
        "We also accord the Commonwealth the benefit of all inferences
        fairly deducible from the evidence."  Riner v. Commonwealth, 268
        Va. 296, 303, 601 S.E.2d 555, 558 (2004).  "When reviewing the
        sufficiency of the evidence to support a conviction, the Court will
        affirm the judgment unless the judgment is plainly wrong or
        without evidence to support it."  Bolden, 275 Va. at 148, 654
        S.E.2d at 586.

Smallwood v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved that on the night of January 27, 2008, Andre Lamb and Deltron Nichols traveled to a convenience store. As they arrived, Lamb noticed a car backing into a parking space. Kenneth Griffin, appellant's father, was driving the vehicle, and appellant was riding in the front passenger seat.

Lamb and Nichols entered the store. Appellant also entered the store, while Griffin remained in the car. Appellant exited the store and returned to the passenger seat of Griffin's car. Lamb explained he also left the store and waited outside for Nichols. Appellant then returned to the store as Griffin exited his vehicle, opened the car's trunk, and began rummaging through its contents. Inside the store, appellant asked Nichols if he had hit his father's car. Nichols responded that he had not. The two men left the store together, and a video recording from the store depicts them talking to each other outside. Lamb heard appellant ask Nichols if someone had hit his car. Appellant repeated his questions about the car as Lamb and Nichols approached him.

Meanwhile, Griffin had retrieved a white bag from the trunk of his car and stood behind the vehicle. Griffin then began shooting a semi-automatic pistol towards Lamb and Nichols. Both men fell to the ground, having been struck by Griffin's shooting. Appellant remained where he had been standing during the shooting and then walked towards his father and patted his stomach. The video showed that appellant did not turn and look at Griffin until after numerous shots were fired. Lamb rose from the ground and ran towards his car as Griffin fired again, striking Lamb in the leg. Appellant closed the car's trunk and reentered the vehicle, again sitting in the front passenger seat. Griffin fired once more and then got back into the car. The two fled the scene.

Griffin fired a total of seven shots towards the unarmed Lamb and Nichols. Both men were struck twice, and Nichols died as a result of his injuries. Lamb testified that neither he nor

Nichols made any threats to appellant or his father. Lamb also testified that they did not touch Griffin's vehicle.

Appellant testified he had no intention of harming anyone, and denied having planned the shooting with his father. He stated he had made a bad decision to leave the crime scene.

ANALYSIS

An individual is liable for a crime as a principal in the second degree when the Commonwealth proves that he was "'present, aiding and abetting, by helping some way in the commission of the crime.'" Washington v. Commonwealth, 43 Va. App. 291, 306, 597 S.E.2d 256, 263 (2004) (quoting Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986)). In other words, "'[t]he Commonwealth must prove that the defendant consented to the felonious purpose and the defendant contributed to its execution.'" Brickhouse v. Commonwealth, 276 Va. 682, 686, 668 S.E.2d 160, 163 (2008) (quoting McMorris v. Commonwealth, 276 Va. 500, 505, 666 S.E.2d 348, 350 (2008)).

Although "[e]vidence of a defendant's mere presence at a crime scene is insufficient to sustain a conviction as a principal in the second degree," id., the Commonwealth may prove that an individual is guilty as a principal in the second degree "by any combination of circumstantial or direct evidence," id. at 687, 668 S.E.2d at 163. Thus, the evidence, taken as a whole, must show that appellant "committed an overt act knowingly in furtherance of the commission of the crime . . ., or that [he] shared in the criminal intent of the principal committing the crime." Id. "This rule cannot be interpreted to mean that any overt act that is advantageous to the principal's criminal plan is sufficient; the defendant must also share in the principal's criminal intent." McMorris, 276 Va. at 505, 666 S.E.2d at 350.

Appellant asserts he was unaware of his father's plan and intent to shoot the victims. The evidence, while primarily circumstantial, supports the fact finder's determination that appellant

was a principal in the second degree to the crimes. While suspicion of guilt is never enough to sustain a conviction, see Sutphin v. Commonwealth, 1 Va. App. 241, 244, 337 S.E.2d 897, 898 (1985), "'[c]ircumstantial evidence is as acceptable to prove guilt as direct evidence.'" Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988) (quoting Parks v. Commonwealth, 221 Va. 492, 494, 270 S.E.2d 755, 759 (1980)). When the Commonwealth relies primarily upon circumstantial evidence to establish the guilt of a defendant:

> "[A]ll necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence. The circumstances of motive, time, place, means, and conduct must all concur to form an unbroken chain which links the defendant to the crime beyond a reasonable doubt."

Boothe v. Commonwealth, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987) (quoting Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984)).

Viewing the evidence in the light most favorable to the Commonwealth and according it all reasonable inferences therefrom, the fact finder could conclude that, after having left the store and returned to Griffin's car, appellant then followed the victims back into the store and confronted Nichols with the accusation that he touched or hit Griffin's car. While appellant was inside the store confronting Nichols, Griffin was retrieving the gun from the trunk of the car. Appellant's repeated questioning and interaction drew the victims towards Griffin's car, exposing them to Griffin's gunfire. Appellant's conduct therefore constitutes the overt act required to support a finding of guilt as a principal in the second degree.

The evidence further supports the jury's finding that appellant's conduct was knowingly in furtherance of the commission of Griffin's crime, i.e., appellant intended his actions to aid in Griffin's shooting Nichols and Lamb. See McMorris, 276 Va. at 505, 666 S.E.2d at 350 (requiring evidence of criminal intent in addition to evidence of an overt act). Rather than expressing surprise or fleeing or intervening when the shots were fired, appellant stood by

- 4 -

observing his father shoot the two men. Appellant then walked towards his father, touched Griffin's stomach, and then closed the car's trunk before reentering the vehicle. Appellant's reaction to the gunfire and to his father's course of conduct belies his assertion that he was unaware of the intended shooting. See Thomas v. Commonwealth, 279 Va. 131, 156, 688 S.E.2d 220, 234 (2010) ("'Proof that a person is present at the commission of a crime without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he asserted thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same.'" (quoting Foster v. Commonwealth, 179 Va. 96, 100, 18 S.E.2d 314, 316 (1942))). From the totality of these circumstances, it is reasonable to infer that after appellant first exited the store, he reentered it and confronted the victims after having spoken with his father, who was retrieving a gun from the car's trunk, and appellant lured the victims to where his father shot them. Then, consistent with appellant being a party to the shooting, he left the scene with his father without offering aid to the victims or calling for help or ever reporting the incident. Indeed, appellant sat in the car waiting for Griffin as Griffin fired the final shot at the victims.

The jury viewed the video recording of the incident and permissibly concluded from the circumstantial evidence that appellant was actively involved in the crimes and shared his father's criminal intent. From the evidence presented, the jury could infer that appellant and his father had agreed to commit the crimes and appellant participated in the offenses by luring the two victims to the vehicle so his father could shoot them. In addition, appellant's flight from the scene after the shootings was evidence of his guilt. See Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996).

"'[W]hat inferences are to be drawn from proved facts is within the province of the [fact finder] so long as the inferences are reasonable and justified.'" Higginbotham v.

Commonwealth, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975) (quoting LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950)).

A reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (quoting Woodby v. INS, 385 U.S. 276, 282 (1966)) (emphasis in original). Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original).

The evidence fully supports the jury's verdicts. Noting that an appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), we affirm appellant's convictions.

Affirmed.