COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Petty and Beales
Argued at Chesapeake, Virginia


VERONICA DEANNA BELL
                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0482-10-1                          JUDGE LARRY G. ELDER
                                                            NOVEMBER 30, 2010
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Johnny E. Morrison, Judge

            Sonya Weaver Roots (Weaver Law Practice, PLLC, on brief), for
            appellant.

            Gregory W. Franklin, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Veronica Deanna Bell (appellant) appeals from her bench trial convictions for attempting

to obtain money by false pretenses in violation of Code § 18.2-178 and uttering a forged check,

drawn on the account of her employer, Madonna Home, Inc., in violation of Code § 18.2-172.

On appeal, she contends the trial court erred in allowing the Commonwealth to refresh the

recollection of a key witness without first laying a proper foundation.  Appellant also contends

the evidence was insufficient to support her convictions.  We disagree and affirm.

                                            I.

                    A.  REFRESHING A WITNESS' RECOLLECTION

        "The rule is well established in Virginia that 'great latitude [will be given] to the

discretion of the trial [judge] as to the order in which witnesses may be called and the manner of

their examination.'"  Whitehead v. Commonwealth, 31 Va. App. 311, 318, 522 S.E.2d 904, 907

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2000) (quoting Butler v. Parrocha, 186 Va. 426, 433, 43 S.E.2d 1, 5 (1947)). One method of examining a witness involves refreshing his recollection.

> When a witness is called upon to testify and is unable to remember all of the facts upon which [he is] supposed to testify, "counsel may . . . refresh the witness's memory by allowing the witness to examine material, usually writings, which relate to the incident in question. . . . Upon completion of his examination [of the material], the witness is required to testify from independent memory . . . ."

Bell v. Commonwealth, 49 Va. App. 570, 576, 643 S.E.2d 497, 500 (2007) (quoting Charles E. Friend, The Law of Evidence in Virginia § 3-7 (6th ed. 2003) (emphasis omitted)). In applying this form of witness examination, it matters not "when or by whom the paper was made, nor whether it be original, a copy, or an extract, nor whether referred to by the witness in court or elsewhere." Harrison v. Middleton, 52 Va. (11 Gratt.) 527, 544 (1854).

A proper foundation for refreshing a witness' recollection requires that the witness exhibit "a memory lapse on the stand" which involves "'forget[ting] some portion (or even all) of the facts of the matter about which [he or she is] called to testify.'" McGann v. Commonwealth, 15 Va. App. 448, 451-52, 424 S.E.2d 706, 709 (1992) (quoting Charles E. Friend, The Law of Evidence in Virginia § 18 (3d ed. 1988) (alteration in original) [hereinafter Friend (3d ed.)]); see also Thompson v. United States, 342 F.2d 137, 139 (5th Cir. 1965) (stating the foundational requirements as being "that the witness demonstrated a need for having his memory refreshed and that the paper used had that effect"). "The reliability or truthfulness of the [item the witness consulted to refresh his recollection is] relevant only to the problem of the weight and credibility to be accorded the witness' testimony." Thompson, 342 F.2d at 139.

Here, appellant contends the witness' testimony indicates she did not have a memory lapse on the stand and, thus, that the trial court erred in allowing the Commonwealth to refresh her memory by showing the witness a note she had previously written to the Commonwealth's

attorney.  We disagree with appellant's application of the law to the facts.  Witness Charlene Davis indicated she received a telephone call from appellant after Antonio Elliott attempted to cash the check at issue, which was drawn on the account of Davis's and appellant's employer, Madonna Home, Inc.  The Commonwealth then inquired whether Davis "at that time confront[ed] [appellant] about the check."  Davis responded, "I might have said something [to appellant] about the check, but I'm not sure."  The substance of Davis's testimony was that *she could not remember* whether she said something to appellant about the check during that conversation.  Thus, the record established that Davis "'forg[o]t some portion . . . of the facts of the matter about which [she was] called to testify.'"  McGann, 15 Va. App. at 451-52, 424 S.E.2d at 709 (quoting Friend (3d ed.), supra, at § 18).  Furthermore, Davis examined the note provided to her by the Commonwealth and indicated it was in her handwriting.  She also testified that the content of the note was "correct" and then relinquished the note before testifying more specifically about its content.  This testimony provided the needed foundation for allowing Davis to present her refreshed recollection regarding her conversation with appellant about the check.

### B.  SUFFICIENCY OF THE EVIDENCE TO PROVE THE OFFENSES

Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below, and "accord the Commonwealth the benefit of all inferences fairly deducible from the evidence."  Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004).  The fact finder, in its role of judging witness credibility, is entitled to disbelieve, in whole or in part, the self-serving testimony of the accused and to conclude the accused is lying to conceal his guilt.  E.g., Tarpley v. Commonwealth, 261 Va. 251, 256-57, 542 S.E.2d 761, 764 (2001).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except

that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). Whether an alternative hypothesis of innocence is reasonable is a question of fact which is binding on appeal unless plainly wrong. Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919)).

Code § 18.2-172 makes it illegal to "forge any writing . . . to the prejudice of another's right, or utter, or attempt to employ as true, such forged writing, knowing it to be forged." The crime of uttering is complete upon "an assertion by word or action that a writing known to be forged is good and valid." Bateman v. Commonwealth, 205 Va. 595, 600, 139 S.E.2d 102, 106 (1964). The perpetrator need not fully negotiate a forged document in order to be convicted of uttering. See Bennett v. Commonwealth, 48 Va. App. 354, 358, 631 S.E.2d 332, 333-34 (2006).

Code § 18.2-178 proscribes as larceny "obtain[ing money], by any false pretense or token, from any person, with intent to defraud." To be guilty of *the completed crime* of obtaining money by false pretenses, the perpetrator must make a false representation of an existing fact with knowledge of its falsity and, on that basis, obtain from another person money or other property which may be the subject of larceny, with the intent to defraud. Reigert v. Commonwealth, 218 Va. 511, 518-19, 237 S.E.2d 803, 807-08 (1977). A criminal attempt, the crime for which appellant was convicted, requires an intent to commit the crime coupled with a direct, though ineffectual, act towards its commission. Coles v. Commonwealth, 270 Va. 585, 589, 621 S.E.2d 109, 111 (2005).

Here, the evidence does not show appellant personally uttered the forged check or attempted to obtain money by false pretenses, but she may nevertheless be convicted and punished for these offenses if the evidence establishes she acted as a principal in the second degree to Elliott's commission of these crimes. See Code § 18.2-18. A principal in the second degree is one who "consented to the felonious purpose" of the perpetrator and "contributed to [the] execution [of that felonious purpose]." McMorris v. Commonwealth, 276 Va. 500, 505, 666 S.E.2d 348, 350 (2008). "To prove that a defendant is guilty as a principal in the second degree, the Commonwealth must establish that the defendant procured, encouraged, countenanced or approved the criminal act." Brickhouse v. Commonwealth, 276 Va. 682, 686, 668 S.E.2d 160, 162 (2008). "[T]he defendant must also share in the principal's criminal intent. The overt act must be 'knowingly in furtherance of the commission of the crime.'" McMorris, 276 Va. at 505, 666 S.E.2d at 351. Intent, like any element of a crime, may be proved by circumstantial evidence such as a person's conduct and statements. Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989).

Appellant does not dispute that Elliott's behavior constituted uttering and attempting to obtain money by false pretenses, and the evidence supports such a finding. Elliott admitted he did not receive the check from anyone authorized to sign it, claiming he found it on the ground, and he presented the check, which listed him as the payee, in an effort to obtain cash to which he knew he was not entitled.

Further, the only reasonable hypothesis flowing from the direct and circumstantial evidence is that appellant shared in Elliott's intent to utter a forged check and to attempt to obtain money by false pretenses. Appellant, who worked across the hall at Madonna Home, Inc., from employee Charlene Davis and had access to Davis's office, admitted to Davis that she had possessed the very check at issue. Appellant also accompanied Elliott and Octavius Mizell to

Checksmart, and she admitted knowing Elliott was there to cash a check. Although Elliott claimed he found the check on the ground and appellant claimed she thought the check Elliott was attempting to cash was "a tax check," the trial court was entitled—in light of appellant's access to Charlene Davis's office and her admission to having possessed the Madonna Home check herself—to conclude Elliott and appellant were lying about these things. Appellant, the only one of the three people at Checksmart that day who had a direct tie to Madonna Home, remained in the car during the transaction, fabricated a reason to enter the Checksmart after police arrived and entered, and attempted to flee the scene alone after learning that Elliott had been handcuffed. Finally, although Madonna Home did not terminate appellant's employment after the incident at Checksmart, appellant never returned to work there after that day. The only reasonable hypothesis flowing from this evidence as a whole, viewed in the light most favorable to the Commonwealth, is that appellant gave Elliott the check and shared in Elliott's intent to utter the forged check and obtain money by false pretenses. Thus, we hold the evidence was sufficient to support appellant's convictions for the instant offenses.

## II.

For these reasons, we hold the trial court did not err in allowing the Commonwealth to refresh a witness' recollection and in concluding the evidence was sufficient to support appellant's convictions for uttering and attempting to obtain money by false pretenses. Thus, we affirm the challenged convictions.

<u>Affirmed.</u>