UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Huff, O'Brien and Senior Judge Frank
Argued by teleconference

LINDSEY WILCOX

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0853-19-1                      JUDGE GLEN A. HUFF
                                                    APRIL 14, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Robert H. Sandwich, Jr., Judge

Kurt A. Gilchrist for appellant.

Kelsey M. Bulger, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Following a bench trial, Lindsey Wilcox ("appellant") was convicted of one count of

conspiracy to commit forgery and uttering, in violation of Code § 18.2-22, and four counts of

uttering, in violation of Code § 18.2-172.  The trial court sentenced appellant to a total of fifteen

years' incarceration with all but twelve months suspended.  Appellant contends that the evidence

underlying her uttering convictions is insufficient.  Because the evidence is sufficient to support

her convictions as a principal in the second degree, this Court affirms.

I.  BACKGROUND

On appeal, this Court "consider[s] the evidence and all reasonable inferences flowing

from that evidence in the light most favorable to the Commonwealth, the prevailing party at

trial."  Williams v. Commonwealth, 49 Va. App. 439, 442 (2007) (*en banc*) (quoting Jackson v.

Commonwealth, 267 Va. 666, 672 (2004)).  So viewed, the evidence is as follows:

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On April 12, 2017, Susan Shiflett was working at the front desk in a Navy Federal Credit Union branch located in Suffolk. A car driven by an unknown male pulled into the bank's parking lot, and Tabatha Goodrich and Keenan Pierce exited the vehicle. Shiflett watched the two have a conversation and observed Goodrich hand Pierce a check. Pierce then walked into the bank branch. Shiflett greeted Pierce as he entered and asked Pierce a couple questions so that she could direct him to the proper area. Pierce indicated that he wanted to cash a check, and Shiflett directed him to the line for the bank tellers. During their short interaction, Shiflett noticed multiple "red flags" about Pierce's behavior that made her suspicious. After directing Pierce to the teller line, she sent a message to Mary Kahler, a bank teller at the branch, informing her that Pierce was acting suspiciously.

Kahler was the teller who assisted Pierce. After Pierce handed Kahler the check, she noticed that the signatures on the check looked suspicious. Ultimately, Kahler did not cash the check. Instead, she took it to management and relayed both her concerns and those of Shiflett. The branch manager, Kristin Gorman, took the check and initiated a review of the check and Pierce's account in an attempt to determine whether there was any fraudulent activity. The check belonged to Kelly Frye, who was later determined to be Goodrich's mother.[1] Gorman's review of Pierce's account revealed four other suspicious checks that were cashed—each from the same series belonging to Frye. Although the checks belonged to Frye, Goodrich—a close friend of appellant—drafted all four and forged her mother's signature on each. Each had been cashed by Pierce in the preceding eight days.

---

[1] The checks drew on an account belonging to Frye's grandmother, Willa Fisher. Frye was her grandmother's guardian and conservator. Accordingly, the checks listed Frye's name as well as Fisher's. The checks in question were issued to Frye.

The first check, number 567, was cashed by Pierce on April 4, 2017, at an ATM. Check 567 was for $300 and made payable to Pierce. A picture captured by the ATM shows that appellant was standing next to Pierce as he cashed the check.

Pierce cashed the second check, number 566, at an ATM on April 5, 2017. Check 566 was for $300 and made payable to appellant. The back of the check was signed "Lindsey Wilcox."

Check number 569, the third check, was cashed by Pierce at an ATM on April 9, 2017. Check 569 was for $400 and made payable to appellant. The back of the check was signed "Lindsey Wilcox."

The final check, number 571, was cashed on April 10, 2017. Check 571 was for $300 and was made payable to Keenan Pierce. Pierce and appellant cashed check number 571 in person at the same Navy Federal Credit Union branch. Christa Halford was the bank teller who assisted them that day. Throughout the interaction, Pierce was "unsure" and "kept looking at [appellant]" for help. Appellant "guided the conversation" between Pierce and Halford. Ultimately, Halford cashed the check. Halford could not recall whether she handed the cash to Pierce or appellant.

As a result of these fraudulent transactions, appellant was indicted for four counts of uttering and one count of conspiracy. The matter proceeded to a bench trial, and appellant was found guilty as a principal in the second degree on the uttering charges and guilty of the conspiracy charge. This appeal follows.

## II. STANDARD OF REVIEW

"When a defendant challenges the sufficiency of the evidence, we view the evidence and all reasonable inferences in the light most favorable to the Commonwealth, the prevailing party in the trial court." Rowland v. Commonwealth, 281 Va. 396, 399 (2011). "The judgment of

conviction will be reversed only when the ruling is plainly wrong or without evidence to support it." Cordon v. Commonwealth, 280 Va. 691, 694 (2010). Furthermore, this Court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Hamilton v. Commonwealth, 69 Va. App. 176, 195 (2018) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663 (2003)). This Court asks only whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.

### III.  ANALYSIS

Appellant does not challenge the sufficiency of the evidence that a principal in the first degree committed four counts of uttering.[2] Instead, she contends that the evidence underlying her convictions is insufficient because it fails to "prove that she knowingly aided or abetted the principal in the first" degree.[3] Because the trial court did not err in finding the evidence sufficient, this Court affirms.

"Generally, in the case of every felony, a principal in the second degree may be indicted, tried, convicted, and punished in all respects as if a principal in the first degree." Washington v. Commonwealth, 43 Va. App. 291, 306 (2004) (quoting Taylor v. Commonwealth, 260 Va. 683, 687-88 (2000)). "To find a defendant guilty as a principal in the second degree, the Commonwealth must establish that the defendant procured, encouraged, countenanced, or

---

[2] Uttering is "an assertion by word or action that a writing known to be forged is good and valid." Dillard v. Commonwealth, 32 Va. App. 515, 519 (2000) (quoting Bateman v. Commonwealth, 205 Va. 595, 599 (1964)).

[3] Appellant contends that the evidence is insufficient to prove that she "committed the crimes." However, her argument is solely that the evidence was insufficient to find her guilty as a principal in the second degree. To the extent that appellant attempted to challenge her conspiracy conviction, she provided no argument or authority in support. Therefore, any challenge to her conspiracy conviction is waived pursuant to Rule 5A:20(e). See Ducharme v. Commonwealth, 70 Va. App. 668, 674 (2019) ("Rule 5A:20(e) requires that appellant's argument include principles of law and authorities. The appellate court is not a depository in which the appellant may dump the burden of argument and research." (internal quotations and citations omitted)).

approved the criminal act." McMorris v. Commonwealth, 276 Va. 500, 505 (2008) (collecting cases). Thus, the evidence must show that appellant either committed "some overt act done knowingly in furtherance of the commission of the crime" or that she "shared in the criminal intent of the principal committing the crime." Id. Accordingly, actual presence at the scene of the crime is neither required nor sufficient to support a conviction as a principal in the second degree. Id.; see also Washington, 43 Va. App. at 306 (noting that only constructive presence is required, not actual presence). Moreover, "[t]he status of the accused as a principal in the second degree may be established by any combination of circumstantial evidence or direct evidence." Brickhouse v. Commonwealth, 276 Va. 682, 687 (2008) (citing Foster v. Commonwealth, 179 Va. 96, 100 (1942)).

When considered in its totality,[4] the evidence is sufficient to support appellant's convictions. The ruling of the trial court is not plainly wrong nor is it without supporting evidence. All four checks were drafted by Goodrich, a close friend of appellant. Appellant was present when Pierce cashed the first and the last fraudulent check. On the last occasion—the only check that was cashed in person—Pierce seemed unsure and looked to appellant for help. Appellant guided the entire conversation with the bank teller and assisted Pierce in cashing the forged check. Furthermore, the two other fraudulent checks were made payable to appellant and each was signed "Lindsey Wilcox" on the back.

Given these circumstances, this Court cannot say that no rational trier of fact could have found the elements of the crime beyond a reasonable doubt. See Hamilton, 69 Va. App. at 195. The totality of the evidence supports the trial court's finding that appellant was aware that the checks were forged and aware that Pierce was fraudulently cashing them. Moreover, appellant's

---

[4] Appellant conceded at oral argument that it would be proper for this Court to evaluate the evidence in its totality in determining whether the evidence was sufficient to support her convictions.

conviction for conspiracy to commit forgery and uttering reinforces her role as a principal in the second degree, i.e. combining with another to effectuate the felonious act of uttering. See Code § 18.2-22. Accordingly, the trial court was not plainly wrong in finding that appellant took overt acts in furtherance of committing the crime or that she shared in Pierce's criminal intent. See McMorris, 276 Va. at 505.

## IV. CONCLUSION

The totality of the evidence is sufficient to support appellant's convictions. Therefore, this Court affirms.

<u>Affirmed.</u>