UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Raphael

DEMETRIUS HAYWOOD GRIMSTEAD

v.      Record No. 0571-23-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 29, 2024

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

(Daymen Robinson; The Law Office of Daymen W.X. Robinson, on
brief), for appellant.

(Jason S. Miyares, Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief), for appellee.

Demetrius Haywood Grimstead appeals his convictions for grand larceny and conspiracy

to commit grand larceny in violation of Code §§ 18.2-22 and -95. He challenges the sufficiency

of the evidence to support his convictions, arguing that the Commonwealth failed to prove that

he aided the principal actor or conspired with him. For the following reasons, we affirm the

judgment of the trial court.[1]

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously holds that
oral argument is unnecessary because "the appeal is wholly without merit." *See* Code
§ 17.1-403(ii)(a); Rule 5A:27(a). In addition, "the dispositive issue or issues have been
authoritatively decided," and the appellant "has not argued that the case law should be
overturned, extended, modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

BACKGROUND[2]

This case arises from a theft from a jewelry store owned by Naseer Noorali. In September 2019, Grimstead visited Noorali's store. Grimstead "rushed in" and asked to see a "nice expensive chain and charm" for an upcoming event. Noorali, concerned by Grimstead's phrasing, brought Grimstead behind the showcase before showing him any jewelry, to impede any attempted flight. After Noorali showed him a chain and charm, Grimstead asked to see a "more expensive one." Grimstead's request further raised Noorali's suspicions. Noorali told his wife—who was also working in the store—to call the police "if something happen[ed]." He showed Grimstead a second chain and charm. Noorali told Grimstead to stay where he was while Noorali brought him a mirror.

A few minutes after Grimstead entered the store, a second individual also entered and began looking at jewelry. Noorali told his wife not to specifically show the second man any jewelry from the case without seeing identification. Grimstead tried on the jewelry behind the showcase while the second person was in the store. When Noorali stepped away from Grimstead to assist the second individual, Grimstead immediately moved himself, the jewelry, and a mirror to an area accessible from the other side of the showcase. Grimstead then loosely held both chains—with the charms attached—near his ears and without engaging the clasps.

The second individual approached Grimstead, snatched the jewelry from his hands, and fled. Grimstead also immediately began to run from the store before Noorali intervened. Noorali urged Grimstead not to leave the store. Grimstead refused to stay, telling Noorali that he

---

[2] "On appeal, we state the facts in the light most favorable to the Commonwealth," as the prevailing party below. *Hargrove v. Commonwealth*, 77 Va. App. 482, 491 n.1 (2023).

knew the second individual "very well" and would go retrieve the jewelry. Grimstead then left and never returned.[3]

Police later located and interviewed Grimstead. During the interview, Grimstead repeatedly denied knowing the person who had taken the jewelry. He claimed he did not know the man's name but had learned that he was known as "Red" or "New York."[4] Grimstead also said that later on the same day as the theft, Red stole jewelry from Grimstead in a second jewelry store.

Grimstead was charged with grand larceny and conspiracy to commit grand larceny. Following the presentation of the evidence at his bench trial, Grimstead argued that the evidence did not show that he acted in concert with Red, the true criminal.

The trial court rejected Grimstead's theory that he was an innocent bystander and found him guilty of the charged offenses. In doing so, the court noted that Grimstead's behavior in the store was atypical and he positioned himself such that the jewelry was readily accessible to the second man. The court also emphasized that Grimstead knew Red, left the store, and did not return. Grimstead was sentenced to a total of four years of incarceration for both offenses.

ANALYSIS

Grimstead argues that the evidence was insufficient to support his convictions for grand larceny and conspiracy to commit that offense. Specifically, he believes that the Commonwealth did not adequately prove that he aided Red in stealing the jewelry or conspired with him to do so.

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024).

---

[3] The two chains and two charms taken from Noorali's store were worth over $6,000. At the time of the theft, grand larceny included "simple larceny not from the person of another of goods and chattels of the value of $500 or more." Code § 18.2-95 (2019). The current $1,000 threshold took effect July 1, 2020. 2020 Va. Acts ch. 401.

[4] For ease of reference, this opinion refers to the individual as "Red."

"[T]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it." *Sample v. Commonwealth*, 303 Va. 2, 16 (2024) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). In conducting this review, the "appellate court does not 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). Instead, "[t]he only 'relevant question is . . . whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)).

In viewing the evidence under the appropriate standard of review, "we discard any of [the] appellant's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Hargrove v. Commonwealth*, 77 Va. App. 482, 491 n.1 (2023). These principles apply in the same way in a bench trial, such as this one, as they do in a jury trial. *See, e.g.*, *Dietz v. Commonwealth*, 294 Va. 123, 132 (2017). It is through this lens that we view Grimstead's challenge to his convictions for grand larceny and conspiracy.

Larceny is "the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently." *Creamer v. Commonwealth*, 64 Va. App. 185, 205 (2015) (quoting *Carter v. Commonwealth*, 280 Va. 100, 104-05 (2010)). Here, Grimstead was convicted of grand larceny based on his participation as a principal in the second degree.

In felony cases, "every principal in the second degree . . . may be indicted, tried, convicted and punished in all respects as if a principal in the first degree." Code § 18.2-18 (excluding certain homicide offenses). "A principal in the first degree is the actual perpetrator of the crime. A

principal in the second degree, or an aider and abettor as he is sometimes termed, is one who is present, actually or constructively, assisting the perpetrator in the commission of the crime." *Farmer v. Commonwealth*, 61 Va. App. 402, 414-15 (2013) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 482 (2005)). "In order to convict an accused as a principal in the second degree, the Commonwealth must prove 'that the defendant procured, encouraged, countenanced, or approved the criminal act.'" *Salcedo v. Commonwealth*, 58 Va. App. 525, 535-36 (2011) (quoting *McMorris v. Commonwealth*, 276 Va. 500, 505 (2008)). "It is a well-settled rule that a defendant is guilty as a principal in the second degree if he is guilty of some overt act done knowingly in furtherance of the commission of the crime, or if he shared in the criminal intent of the principal committing the crime." *Id.* at 535 (quoting *McMorris*, 276 Va. at 505).

"Mere presence when a crime is committed is, of course, not sufficient to render one guilty as aider and abettor." *Charles v. Commonwealth*, 63 Va. App. 289, 301 (2014) (quoting *Foster v. Commonwealth*, 179 Va. 96, 99 (1942)). Nonetheless, "[p]resence during the commission of a crime in connection with other circumstances showing intent to aid and abet the commission of that crime supports a fact finder's determination that a criminal intent existed." *Id.* (quoting *Johnson v. Commonwealth*, 18 Va. App. 441, 449 (1994)). "The test is whether or not [the appellant] was encouraging, in[]citing, or in some manner offering aid in the commission of the crime. If he was present lending countenance, or otherwise aiding while another did the act, he is an aider and abettor or principal in the second degree." *Farmer*, 61 Va. App. at 415 (quoting *Muhammad*, 269 Va. at 482).

Grimstead was also convicted of conspiracy to commit grand larceny. *See* Code § 18.2-22(a) (proscribing conspiracy "to commit a felony within the Commonwealth"). A conspiracy is "an agreement between two or more persons by some concerted action to commit an offense." *Pulley v. Commonwealth*, 74 Va. App. 104, 120 (2021) (quoting *Velez-Suarez v.*

- 5 -

*Commonwealth*, 64 Va. App. 269, 277 (2015)).  It "'requires knowledge of and voluntary participation in' the agreement to carry out the criminal act."  *Carr v. Commonwealth*, 69 Va. App. 106, 117 (2018) (quoting *Zuniga v. Commonwealth*, 7 Va. App. 523, 527 (1988)).  "The agreement is the essence of the conspiracy offense."  *Fortune v. Commonwealth*, 12 Va. App. 643, 647 (1991) (quoting *Zuniga*, 7 Va. App. at 527-28).  Nevertheless, the Commonwealth need not prove a "formal agreement among [the] alleged conspirators."  *Pulley*, 74 Va. App. at 120 (quoting *Carr*, 69 Va. App. at 118).  But a fact finder can reasonably conclude that the suspects "engaged in a conspiracy" when the Commonwealth has established that they "pursued the same object, one performing one part and the other[] performing another part so as to complete it or with a view to its attainment."  *Id.* (quoting *Carr*, 69 Va. App. at 118).

Relevant to our analysis, the specific proof required to establish that someone acted as a principal in the second degree is similar to that required to show that he conspired to commit a crime.  Here, to support the grand larceny conviction, the Commonwealth had to establish that Grimstead helped Red in some way to steal the jewelry and shared his criminal intent.  *See McMorris*, 276 Va. at 505.  Basically, to support the conspiracy conviction, the Commonwealth had to prove that Grimstead agreed with Red to commit the theft.  *See Carr*, 69 Va. App. at 117.  Grimstead argues on appeal only that the Commonwealth failed to present sufficient evidence that he was anything but a bystander when Red committed the larceny.  He challenges no other elements of the offenses.

The Commonwealth was entitled to rely on circumstantial evidence to establish that Grimstead aided or abetted in the commission of the crime and that he conspired with Red.  *See, e.g.*, *McMorris*, 276 Va. at 506 (citing this principle in conjunction with proving that the defendant aided or abetted in the commission of a crime); *Combs v. Commonwealth*, 30 Va. App. 802, 810

- 6 -

(1999) (citing this principle in relation to proving a conspiracy).  This Court does not view circumstantial evidence in isolation because the "combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable" fact finder to the conclusion that a defendant is guilty.  *Hargrove*, 77 Va. App. at 507 (quoting *Ervin v. Commonwealth*, 57 Va. App. 495, 505 (2011) (en banc)).  Such "evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  *Clark v. Commonwealth*, 78 Va. App. 726, 751-52 (2023) (quoting *Holloway v. Commonwealth*, 57 Va. App. 658, 665 (2011) (en banc)).

In finding Grimstead guilty, the trial court, as trier of fact, emphasized that Grimstead's actions in the store were atypical, especially in the way he positioned himself so that the jewelry was easily accessible to Red.  It further found that Grimstead said he knew Red, left the store, and did not come back.  Based on these findings, the court rejected Grimstead's theory of the case that he did not work with Red to steal the jewelry.

The record supports the trial court's factual conclusions.  The store surveillance footage shows that when Noorali stepped away to assist Red, Grimstead moved the jewelry from an area behind the display case that was inaccessible to Red to a location within Red's reach.[5]  Unlike the manner in which most customers try on jewelry, Grimstead loosely held the items without engaging the clasps.  This positioning enabled Red to easily grab the jewelry.

After Red snatched the jewelry, Grimstead immediately fled under the pretense of chasing after the man he knew "very well" and never returned to the store.  *See Walker v. Commonwealth*, 79 Va. App. 737, 749 (2024) ("[F]light immediately following the commission of a crime . . . tend[s] to show a person's guilty knowledge of, and participation in, a criminal

---

[5] We recognize that the findings to which appellate courts must defer include "the factfinder's 'interpretation of . . . video evidence' presented at trial."  *Barney*, 302 Va. at 97 (quoting *Meade v. Commonwealth*, 74 Va. App. 796, 806 (2022)).

act." (alterations in original) (quoting *Jones v. Commonwealth*, 279 Va. 52, 57 (2010))).

Grimstead made contradictory statements, first claiming that he knew Red well and later denying knowing him at all. *See Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019) ("[I]n drawing inferences from the evidence, the fact finder may conclude regarding even a non-testifying defendant that his false statements establish that he has lied to conceal his guilt."). He further claimed that Red stole jewelry from him in a similar manner later that same day in another store. This evidence supports the trial court's conclusions that Grimstead aided Red in committing the larceny and had an agreement with him to participate in the theft. *See Pugliese v. Commonwealth*, 16 Va. App. 82, 93 (1993).

Grimstead suggests that the Commonwealth did not exclude his reasonable hypothesis of innocence that he did not knowingly participate in or agree to the crime in any way. We disagree. The reasonable-hypothesis principle "is 'simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'" *Commonwealth v. Moseley*, 293 Va. 455, 464 (2017) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). "The only requirement" in a circumstantial case is that the Commonwealth "put on enough circumstantial evidence such that a reasonable [fact finder] could have rejected [the] defendant's [hypothesis] of innocence." *Davis v. Commonwealth*, 65 Va. App. 485, 502 (2015). "[M]erely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded." *Clark*, 78 Va. App. at 752 (alterations in original) (quoting *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017)). And "[w]hether an alternate hypothesis of innocence is reasonable is a question of fact," which "is binding on [this Court] unless plainly wrong." *Maust v. Commonwealth*, 77 Va. App. 687, 700 (2023) (en banc) (alterations in original) (quoting *Wood v. Commonwealth*, 57 Va. App. 286, 306 (2010)).

As the fact finder, the trial court weighed all the evidence and rejected the theory that Grimstead did not knowingly participate in the theft. Instead, the court concluded that Grimstead and Red agreed to commit the larceny and Grimstead acted to help him leave the store with the jewelry. *See Garrick*, 303 Va. at 187 ("The appellate standard of review precludes an appellate court from drawing inferences that were rejected by the factfinder . . . ."). It is clear that the trial court was entitled to reject Grimstead's hypothesis of innocence. *See Vasquez v. Commonwealth*, 291 Va. 232, 250 (2016). It did so here, and that decision is supported by the record.

Taken as a whole, the evidence, including Grimstead's actions and out-of-court statements, supports the trial court's finding that he aided Red and conspired with him to commit the larceny of the jewelry. *See Moseley*, 293 Va. at 465. That decision was supported by the record and was not plainly wrong. Consequently, the evidence was sufficient to prove Grimstead's guilt of the instant offenses beyond a reasonable doubt.

CONCLUSION

We hold that the evidence was sufficient and supports the trial court's conclusions that Grimstead committed the offenses of grand larceny—as a principal in the second degree—and conspiracy to commit grand larceny. Accordingly, we affirm the convictions.

*Affirmed.*