UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judge Russell and Senior Judge Bumgardner
Argued at Chesapeake, Virginia

CHRISTOPHER J. BLOODWORTH

MEMORANDUM OPINION[*] BY
v.      Record No. 0472-15-1      JUDGE RUDOLPH BUMGARDNER, III
MAY 17, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

David M. Uberman, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Christopher J. Bloodworth appeals his convictions of grand larceny and felony destruction

of private property maintaining the evidence was insufficient to prove his presence at or his

participation in the offenses. Concluding the evidence was sufficient, we affirm.

We view the evidence in the "light most favorable" to the prevailing party. Commonwealth

v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). We "discard the evidence of the accused

in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to

the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221

Va. 492, 498, 270 S.E.2d 755, 759 (1980) (quoting Wright v. Commonwealth, 196 Va. 132, 137,

82 S.E.2d 603, 606 (1954)) (emphasis omitted).

A mother and daughter, who did not live in Virginia, were selling their house in Norfolk. In

preparation for closing the sale, a real estate agent conducted an inspection of the house. He found

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the property to be in good condition with all necessary repairs completed pursuant to the sales contract. Two days later on the day of the closing, another real estate agent went to the property to remove the lockbox and for sale signs.

When that agent arrived, there was a truck in the carport, he heard "banging and clanging" inside the house, but no one answered when he knocked at the front door. He then knocked on a side door, and the defendant opened the door. When asked why he was in the house, the defendant replied that he was performing "demolition work" for the "real estate company." The agent did not recognize the name the defendant provided. When asked a second time, the defendant said he was working for "a rental company." The agent could see damage to the walls, cabinets, and appliances. He heard more "banging" within the house and then saw a second man appear from "around a corner."

While the agent was trying to contact the buyers' realtor, the defendant and the second man left the house and got into the truck. When again asked for whom they were working, the defendant replied they were going to get lunch and would return. They never did. Neither owner gave the defendant permission to be in the house or to remove property.

The house sustained extensive damage, including damaged drywall, missing copper pipes and bathroom fixtures, damaged and destroyed cabinets and countertops, damage to the refrigerator including removal of the compressor, destruction of the back door lock, a missing air conditioning unit, and missing components of the heating and cooling system. One of the property owners testified she submitted an insurance claim for about $15,000 which included $11,531 in parts and repairs. The Commonwealth introduced invoices showing the cost of repairs was $11,927.

The defendant argues the evidence was insufficient to convict him of grand larceny and felony property damage because it only established his presence at the house. He maintains the evidence did not prove that he had an intent to commit larceny or any other felony when entering

the house or had an intent to permanently deprive the owners of the missing contents. He also argues the evidence failed to prove that he took and carried away any property, or that he participated in damaging the property.

When the trier of fact has rendered its verdict, "it is not for this court to say that the evidence does or does not establish . . . guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion." Cobb v. Commonwealth, 152 Va. 941, 953, 146 S.E. 270, 274 (1929). It only determines "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original). This Court asks only whether a reasonable fact finder could have rejected the defense theories and found the defendant guilty beyond a reasonable doubt. Jordan v. Commonwealth, 273 Va. 639, 646, 643 S.E.2d 166, 170 (2007).

The defendant attacks each item of circumstantial evidence individually while arguing that each individual item failed to prove guilt. However, circumstances do not exist alone. "Circumstances do not exist in isolation of one another but exist together with every other proven fact and circumstance in the case." Hughes v. Commonwealth, 18 Va. App. 510, 524, 446 S.E.2d 451, 460 (1994) (*en banc*). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Ervin v. Commonwealth, 57 Va. App. 495, 505, 704 S.E.2d 135, 140 (2011) (*en banc*) (quoting Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979)). While each circumstance alone may be insufficient, "the combined force of [the] many concurrent and related circumstances" can lead to the conclusion that the evidence is sufficient to sustain his convictions. Id.

In this case, the evidence, taken as a whole, leads to the reasonable conclusion that the defendant was indeed doing demolition work, but without authorization. The defendant stated he was doing demolition work, thereby admitting his active participation in the destruction of the property. The sounds of ongoing demolition came from within the house. The defendant gave conflicting statements about who authorized the demolition work. The fact finder was entitled to weigh the defendant's contradictory statements, Toler v. Commonwealth, 188 Va. 774, 781-82, 51 S.E.2d 210, 213-14 (1949), and to infer that the defendant was attempting to conceal his guilt, Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). The defendant's incriminating statements, his presence in the house, the forced entry at the back door, the ongoing demolition, the immediate departure upon being discovered in the house, and the missing property that had previously been in the house, permit the conclusion that the trial judge drew that the defendant had been "caught red handed."

The "combination of circumstantial evidence [and] direct evidence," Brickhouse v. Commonwealth, 276 Va. 682, 687, 668 S.E.2d 160, 163 (2008), amply supported the trial court's finding beyond a reasonable doubt that the defendant was in the house damaging property and had taken and carried away the valuable materials therein with the intent to permanently deprive the owners thereof. Accordingly, we affirm the convictions.

Affirmed.