COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Powell and Senior Judge Annunziata
Argued by teleconference


NIKKOL IRENE WADE, S/K/A
    NICOLE WADE
                                                                    OPINION BY
v.        Record No. 2636-09-1                            JUDGE CLEO E. POWELL
                                                                AUGUST 10, 2010
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
                            Westbrook J. Parker, Judge

            (Patricia A. Cannon; Patricia A. Cannon, PCP, on brief),
            for appellant.  Appellant submitting on brief.

            Robert H. Anderson, III, Senior Assistant Attorney General
            (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
            appellee.


        Nikkol Irene Wade (appellant) appeals from her conviction for misdemeanor destruction

of property, in violation of Code § 18.2-137.  On appeal, appellant contends that because she was

charged with a misdemeanor, she could not be convicted as a principal, accessory, or conspirator

to the crime and the evidence was otherwise insufficient for a conviction because it failed to

prove that she actually destroyed the mailbox.  For the reasons that follow, we affirm appellant's

conviction.

                                    I.  BACKGROUND

        At approximately 9:00 p.m. on October 4, 2009, Joseph Hoffman and his wife, Dawn,

heard a car in front of their home.  They saw the headlights turn off, heard the doors shut

followed by a "popping noise," and watched the car drive off.  Their mailbox had been damaged

two weeks earlier and, suspecting that their mailbox had been vandalized again, the Hoffmans

immediately ran outside to investigate.  When they were approximately twenty yards away, they saw two males standing at the mailbox.  One of the males picked up the mailbox and threw it into a ditch.  The mailbox was in pieces but the post had not been damaged.[1]

The two males got into a car driven by appellant and drove off.  Mr. Hoffman was familiar with appellant through his sixteen-year-old stepdaughter.  The Hoffmans called 911 and followed the vehicle until police stopped it.

When Deputy Morgan stopped the car, a male was driving.  Appellant was in the front passenger seat and her brother was in the back seat.  All three confessed to being involved in destroying the mailbox.  The Hoffmans told Deputy Morgan that two males destroyed the mailbox.

After this incident, appellant and her mother went to Mrs. Hoffman's place of employment and took Mrs. Hoffman flowers and a card.  Appellant apologized for tearing the mailbox down and offered to repair it.

At trial, appellant argued that the evidence was insufficient to prove that she actually destroyed the mailbox.  She further argued that this was a fact that the Commonwealth was required to prove because except as provided by statute, only perpetrators can be convicted of misdemeanors in Virginia.[2]  The Commonwealth submitted that the evidence was sufficient because appellant was present at the scene and admitted her culpability both when she spoke to

---

[1] The value of the mailbox when originally purchased was $42, but Maurice Rhodes, the owner of the property, did not know the value of the mailbox itself on the day it was destroyed.

[2] Appellant contends that because Code § 18.2-23(A) provides that a person is guilty of a misdemeanor if he conspires to trespass, Code § 18.2-23(A) therefore provides evidence that the General Assembly only intended for a person who is not the actual perpetrator to be convicted of a misdemeanor when he is charged under that section.  This argument, however, is without merit. A plain reading of this statute makes it clear that by enacting this statute, the General Assembly merely intended to detail how a conspirator to trespass should be treated.

Deputy Morgan and when she apologized to the victim. The trial court found the evidence sufficient and convicted appellant.

## II. ANALYSIS

The issue in this case is whether a person may be convicted of a misdemeanor as a principal in the second degree. Appellant argues that because the General Assembly specifically enacted statutes detailing how accessories and principals in the second degree are to be treated in felony cases, see Code § 18.2-18, but did not do so with respect to misdemeanors, one may not be convicted of a misdemeanor offense as an accessory or principal in the second degree. We find no merit in appellant's argument. In the instant matter, appellant was not convicted of misdemeanor destruction of property as either an accessory or as a principal in the second degree. Rather, as the law specifically recognizes, appellant was convicted as a principal in the first degree.

"[A]t common law, in misdemeanors, there are no accessories, all concerned being principals." Watts v. Commonwealth, 99 Va. 872, 880, 39 S.E. 706, 708 (1901) (quoting 1 Wharton's Criminal Law § 223); see also Spradlin v. Commonwealth, 195 Va. 523, 527, 79 S.E.2d 443, 445 (1954); Foster v. Commonwealth, 179 Va. 96, 99, 18 S.E.2d 314, 315 (1942); Ronald J. Bacigal, Criminal Offenses and Defenses 494-95 (2009-2010 ed.) ("As regards misdemeanors, there generally is no distinction between principals and accessories. Any person who is proven to have had the requisite mental state and to have done sufficient acts to have criminal liability is a principal; otherwise, he is innocent."). "The common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this Commonwealth, shall continue in full force . . . and be the rule of decision, except as altered by the General Assembly." Code § 1-200.

> "[A] statutory provision will not be held to change the common
> law unless the legislative intent to do so is plainly manifested."

> Herndon v. St. Mary's Hosp., Inc., 266 Va. 472, 476, 587 S.E.2d
> 567, 569 (2003). "Statutes in derogation of the common law are to
> be strictly construed and not to be enlarged in their operation by
> construction beyond their express terms." Chesapeake & Ohio Ry.
> Co. v. Kinzer, 206 Va. 175, 181, 142 S.E.2d 514, 518 (1965).
> Accordingly, "[a] statutory change in the common law is limited to
> that which is expressly stated in the statute or necessarily implied
> by its language because there is a presumption that no change was
> intended." Mitchem v. Counts, 259 Va. 179, 186, 523 S.E.2d 246,
> 250 (2000). "When an enactment does not encompass the entire
> subject covered by the common law, it abrogates the common-law
> rule only to the extent that its terms are directly and irreconcilably
> opposed to the rule." Boyd [v. Commonwealth, 236 Va. 346, 349,
> 374 S.E.2d 301, 302 (1988)].

Evans v. Evans, 280 Va. 76, 83-84, ___ S.E.2d ___, ___ (2010) (quoting Isbell v. Commercial

Inv. Assocs., Inc., 273 Va. 605, 613-14, 644 S.E.2d 72, 75 (2007)). In Isbell, the Supreme Court

restated the reason for applying these principles:

> "[The General Assembly] is presumed to have known and to have
> had the common law in mind in the enactment of a statute. The
> statute must therefore be read along with the provisions of the
> common law, and the latter will be read into the statute unless it
> clearly appears from express language or by necessary implication
> that the purpose of the statute was to change the common law."

273 Va. at 614, 644 S.E.2d at 75-76 (quoting Wicks v. City of Charlottesville, 215 Va. 274, 276,

208 S.E.2d 752, 755 (1974)).

In considering these established canons of construction, it is clear that the General

Assembly did not intend to abrogate the common law rule that, in misdemeanor cases, all

participants are principals. The General Assembly enacted Code § 18.2-18, addressing

principals in the second degree and accessories before the fact in felony cases, specifically

stating that "[i]n the case of every felony, every principal in the second degree and every

accessory before the fact may be indicted, tried, convicted and punished in all respects as if a

principal in the first degree . . . ."

Because the General Assembly chose not to address misdemeanors when it enacted the statutes governing how accessories before the fact and principals in the second degree are to be treated in felony cases, the common law as it applied to misdemeanors was not abrogated. Thus, in misdemeanor cases, all involved parties are principals and may be convicted of the misdemeanor offense. Watts, 99 Va. at 880, 39 S.E. at 708.

Here, the evidence proves that appellant purposely drove the getaway car to help her brother and the other male flee the scene of the crime. When confronted by Deputy Morgan, all three acknowledged participation in destroying the mailbox. Moreover, appellant admitted to Mrs. Hoffman that she destroyed the mailbox and offered to pay to replace it. Thus, there is sufficient evidence to support appellant's conviction and we affirm.

### III. CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

Affirmed.