COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Malveaux and Frucci

UNPUBLISHED

KHALED HASSAN YOUSSEF

v.      Record No. 1763-24-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
FEBRUARY 24, 2026

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Alfred W. Bates, III, Judge

(Charles L. Bashara; Bashara & Hubbard PLLC, on brief), for
appellant.

(Jason S. Miyares,[1] Attorney General; Anderson W. Peake, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the Circuit Court of the City of Suffolk convicted Khaled Hassan

Youssef of petit larceny in violation of Code § 18.2-96. A Suffolk grand jury originally indicted

Youssef on one count of grand larceny, one count of conspiracy to commit larceny, and one

count of receiving stolen property. The trial court dismissed the indictments for receiving stolen

property and conspiracy to commit larceny, and the trial court then reduced the grand larceny

charge to petit larceny and convicted Youssef of that offense. Youssef argues on appeal that the

evidence was insufficient to prove he was involved in the theft.[2]

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] Having examined the briefs and record in this case, the panel unanimously holds that
oral argument is unnecessary because "the dispositive issue or issues have been authoritatively
decided, and the appellant has not argued that the case law should be overturned, extended,
modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b).

BACKGROUND[3]

Micheal Reuter was an area supervisor at Kohl's department store. After receiving an alert that a female had left the store with merchandise that she had not paid for, Reuter went out of the building's side door "to see if there was a vehicle or something." Reuter testified that he saw a woman that met the description of the alleged thief standing in front of the store waiting for someone. She was standing under the trees in a grassy area, "pacing back and forth" and talking on her cell phone. Reuter recalled, "She had the Kohl's cart, and all the merchandise she walked out with." Reuter further recalled that none of the items were bagged, and he noted that after a lawful purchase, an employee would normally bag the purchased items.

Reuter then noticed that two police officers were sitting in their vehicles in the parking lot. As Reuter approached the officers, he observed an SUV driving through the parking lot from the direction of the nearby Walmart. The driver of the SUV, who Reuter later identified as Youssef, drove the vehicle to the side of the building and parked. As Youssef waited, the female walked over and put the merchandise into the vehicle. She then entered the SUV and Youssef drove away. Reuter told the police officers about the theft, and they followed the SUV. They soon returned with the merchandise. Reuter ran a "mock receipt" for the items and discovered that the value of the stolen goods before applying the sale price was $1,048.43. The value of the items after the sale prices were applied totaled $772.32.

Officer Lauster of the Suffolk Police Department also testified at trial. He recalled, "I was in the parking lot of Kohl's working on a report." Officer Lauster testified, "I was parked

---

[3] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, [as] the prevailing party at trial." *McGowan v. Commonwealth*, 72 Va. App. 513, 516 (2020) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

door to door with another officer." He explained that he was discussing a previous call with Officer Pruitt, when Reuter approached. After Reuter reported the theft and gave the officers a description of Youssef's vehicle and the female, Officers Lauster and Pruitt searched the area, located the SUV, and initiated a traffic stop. Officer Lauster approached the SUV on the passenger side and asked the female, identified as Stephanie McHale, to step out, while Officer Pruitt approached Youssef and told him to exit the car. The officers then located stolen merchandise from Kohl's, as well as "from another store," in the "second row seating, and in the trunk space compartment" of the vehicle. Officer Lauster assisted Officer Pruitt in collecting the merchandise and taking photographs of the stolen property, including clothing and some smaller items like candles and body sprays. The officers then returned the stolen merchandise to Kohl's.

After the Commonwealth presented its evidence at trial, Youssef's counsel moved to strike the evidence. Youssef argued that the Commonwealth failed to make out a prima facie case for grand larceny or conspiracy and that the evidence failed to prove he had "any knowledge that any goods were stolen from Kohl's Department Store." After the Commonwealth argued in response, the trial court found that the value of the stolen items was less than $1,000 and dismissed the indictments for receiving stolen goods and conspiracy to commit larceny. The trial court then heard argument on the sufficiency of the evidence about whether Youssef acted as a principal in the second degree to petit larceny. Youssef again argued that the evidence failed to prove he had any knowledge that the items were stolen or that he participated in any way in the larceny. After the Commonwealth argued in response, the trial court stated that it was "satisfied" that the evidence proved "beyond a reasonable doubt that this defendant was operating as the getaway driver and he was part of this theft, and he is guilty beyond a reasonable doubt." Youssef now appeals to this Court.

ANALYSIS

Youssef argues, "The trial court erred in denying Defendant's renewed motion to strike and thereby finding the evidence the Commonwealth presented was sufficient evidence to support Youssef's conviction for petit larceny in violation of 18.2-96 of the Code of Virginia, 1950, as amended."

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Larceny is "the wrongful or fraudulent taking of another's property without his permission and with the intent to deprive the owner of that property permanently." *Pijor*, 294 Va. at 509 (quoting *Tarpley v. Commonwealth*, 261 Va. 251, 256 (2001)). "The defendant's

intent to steal must exist at the time the seized goods are moved." *Carter v. Commonwealth*, 280 Va. 100, 105 (2010) (quoting *Britt v. Commonwealth*, 276 Va. 569, 575 (2008)). Petit larceny is "simple larceny not from the person of another of goods and chattels of the value of less than $1,000." Code § 18.2-96. "[A]t common law, in misdemeanors, there are no accessories, all concerned being principals." *Wade v. Commonwealth*, 56 Va. App. 689, 693 (2010) (alteration in original) (quoting *Watts v. Commonwealth*, 99 Va. 872, 880 (1901)); *see also Spradlin v. Commonwealth*, 195 Va. 523, 527 (1954) ("In misdemeanor cases there are no accessories but all participants in the crime are principals.").

"A principal in the first degree is the actual perpetrator of the crime." *Muhammad v. Commonwealth*, 269 Va. 451, 482 (2005) (quoting *Jones v. Commonwealth*, 208 Va. 370, 372 (1967)). "[A] principal in the second degree is one not the perpetrator, but present, aiding and abetting the act done, or keeping watch or guard at some convenient distance." *Johnson v. Commonwealth*, 58 Va. App. 303, 318 (2011) (quoting *Rollston v. Commonwealth*, 11 Va. App. 535, 539 (1991)). "To find a defendant guilty as a principal in the second degree, the Commonwealth must establish that the defendant procured, encouraged, countenanced, or approved the criminal act." *McMorris v. Commonwealth*, 276 Va. 500, 505 (2008). Indeed, "a defendant is guilty as a principal in the second degree if he is guilty of some overt act done knowingly in furtherance of the commission of the crime, or if he shared in the criminal intent of the principal committing the crime." *Id.*

It is true that "[m]ere presence during the commission of a crime and subsequent flight do not constitute sufficient evidence to convict a person as a principal in the second degree." *Moehring v. Commonwealth*, 223 Va. 564, 567 (1982). Nonetheless, "[e]very person who is present at the commission of a [crime], encouraging or inciting the same by words, gestures, looks, or signs, or who in any way, or by any means, countenances or approves the same is, in

law, assumed to be an aider and abettor, and is liable as principal." *Dunn v. Commonwealth*, 52 Va. App. 611, 617 (2008) (second alteration in original) (quoting *Foster v. Commonwealth*, 179 Va. 96, 99 (1942)).

"The status of the accused as a principal in the second degree may be established by any combination of circumstantial evidence or direct evidence." *Brickhouse v. Commonwealth*, 276 Va. 682, 687 (2008). "Circumstantial evidence [presented during the course of the trial] is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Salcedo v. Commonwealth*, 58 Va. App. 525, 535 (2011) (alteration in original) (quoting *Holloway v. Commonwealth*, 57 Va. App. 658, 665 (2011)). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003). "[T]he factfinder determines which reasonable inferences should be drawn from the evidence, and whether to reject as unreasonable the hypotheses of innocence advanced by a defendant." *Commonwealth v. Moseley*, 293 Va. 455, 464 (2017). "Consequently, whether the evidence excludes all reasonable hypotheses of innocence is a 'question of fact,' and like any other factual finding, it is subject to 'revers[al] on appeal only if plainly wrong.'" *Young v. Commonwealth*, 70 Va. App. 646, 654 (2019) (alteration in original) (quoting *Thorne v. Commonwealth*, 66 Va. App. 248, 254 (2016)).

The evidence at trial reflected that McHale walked past all final points of sale pushing a shopping cart holding property for which she had not paid and left the store. Once outside, McHale paced back and forth in a grassy area and spoke with someone on her cellphone. Youssef arrived minutes later. Rather than parking out front, Youssef drove to the side of the store requiring McHale to walk to the vehicle to meet him. McHale then loaded over $700 worth

of unbagged merchandise belonging to Kohl's into Youssef's SUV while he waited. Based on McHale's behavior, the timing of Youssef's arrival, where Youssef parked his car, and the considerable amount of unbagged merchandise McHale loaded into Youssef's vehicle, a rational factfinder could conclude that Youssef and McHale were working together with Youssef operating as the getaway driver. *See Tizon v. Commonwealth*, 60 Va. App. 1, 10 (2012) ("[A] factfinder may 'draw reasonable inferences from basic facts to ultimate facts.'" (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 10 (2004))).

"While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." *Hooper v. Commonwealth*, 78 Va. App. 508, 516 (2023) (quoting *Muhammad*, 269 Va. at 479). Therefore, a rational factfinder could certainly conclude that Youssef was present at the commission of the crime, encouraging, inciting, and approving the larceny of the goods from Kohl's because he picked McHale up from Kohl's along with the goods he knew were stolen.

CONCLUSION

For all of the foregoing reasons, we do not disturb the judgment of the trial court.

*Affirmed.*